IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2001 Session

## LARRY R. WAKEFIELD v. KIMBERLY D. LONGMIRE

Appeal from the Circuit Court for Anderson County
No. 97LA0506    James B. Scott, Jr., Judge

 FILED MARCH 20, 2001 

No. E2000-01450-COA-R3-CV

This litigation arose out of an accident involving a vehicle owned by Anderson County and being driven at the time of the accident by an employee of the County. The employee sued the driver of the other vehicle involved in the accident.  Incident to his original filing, the employee secured service of process on the County's liability insurance carrier, for the purpose of invoking the uninsured motorist coverage of the County's policy.  The defendant, Kimberly D. Longmire, filed an answer.  She did not seek to impose liability on the employee or the County.  Following a jury verdict for the employee in the amount of $641,000, the trial court ruled that the employee's recovery against the uninsured motorist carrier was not capped at $130,000, the limit of the County's liability for an individual claim under the Governmental Tort Liability Act.  The carrier, whose policy provided for $1,000,000 of uninsured motorist coverage, appeals, claiming that its obligation under the policy, despite the higher contract limit, is capped at $130,000. The plaintiff contends that the carrier did not appeal from a final order and that its appeal is frivolous.  We affirm but do not find the carrier's appeal to be frivolous.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

John E. Quinn and Todd C. McKee, Nashville, Tennessee, for the appellant, Coregis Insurance Company.

Dail R. Cantrell, Clinton, Tennessee, for the appellee, Larry R. Wakefield.

**OPINION**

We first address the plaintiff's argument that the order from which Coregis Insurance Company ("Coregis"), Anderson County's uninsured motorist carrier, appealed is not a final judgment. The plaintiff seems to argue that Coregis appealed from the wrong order. We disagree.

The record reflects that before the trial of the tort action against the defendant Kimberly D. Longmire, Coregis filed a motion for partial summary judgment, arguing (1) that it was not obligated to duplicate benefits paid to or for the plaintiff under the worker's compensation statutory scheme and (2) that the plaintiff's potential recovery under the uninsured motorist coverage of Anderson County's policy with Coregis was capped at $130,000 by virtue of the Governmental Tort Liability Act[1] ("GTLA"). On April 24, 2000, the trial court conducted a hearing on Coregis' summary judgment motion. In open court, the trial court announced that it would grant Coregis summary judgment on the issue of the duplication of payments[2] but would deny the motion with respect to the GTLA. The following day, the trial court presided over a jury trial of the tort action. The jury returned a verdict in favor of the plaintiff. On May 10, 2000, the trial court entered a judgment on the jury's verdict and awarded the plaintiff $641,000 in damages against the defendant Longmire.[3] On May 18, 2000, the trial court entered an order memorializing its prior ruling with respect to the motion for partial summary judgment filed by Coregis. Within thirty days of the entry of *both* of these court decrees, Coregis filed a notice of appeal, which recites as follows:

> Please take notice that Defendant, Coregis Insurance Company, hereby appeals to the Court of Appeals, Eastern Division at Knoxville, from the Order entered by the Circuit Court for Anderson County, Tennessee, on [May 18, 2000]..., in which the trial court denied, in part, the Motion for Partial Summary Judgment filed by Defendant, Coregis Insurance Company. Following the trial of this case, the trial court entered a judgment bearing a file date of May 10, 2000.

We find that Coregis' appeal was properly and timely filed. Coregis was aggrieved by the order of May 18, 2000, finding that the insurance company's liability under the uninsured motorist coverage is not capped at $130,000. That order – following the entry of the judgment on the jury's verdict – is the order that established Coregis' liability with respect to the jury's verdict. Coregis was correct in appealing from the order of May 18, 2000. That order was the final order with respect to the liability of Coregis. In any event, the notice of appeal was filed within 30 days of both the judgment against the defendant Longmire and the order refusing to cap Coregis' liability at

---

[1] T.C.A. § 29-20-101 *et seq.* (2000).

[2] The plaintiff did not appeal this ruling.

[3] Ms. Longmire did not appeal the judgment against her.

$130,000. Furthermore, the notice of appeal refers to both the judgment and the order. We reject the plaintiff's contention that Coregis appealed from the wrong decree.

## II.

We next address Coregis' substantive issue on appeal, *i.e.*, whether the plaintiff's recovery against his employer's uninsured motorist carrier is capped at $130,000 because of the GTLA.

The GTLA provides that a judgment or award rendered against a governmental entity may not exceed the amounts of liability specified in the Act, *i.e.*, $130,000 per person or $350,000 per occurrence, unless the governmental entity has expressly waived these limits of liability. *See* T.C.A. §§ 29-20-311, 29-20-403(b)(2)(A); 29-20-404(a). A governmental entity may procure additional insurance coverage in excess of the liability limits set forth in the GTLA; however, the mere existence of insurance coverage in excess of the liability limits of the GTLA does not constitute an express waiver of such limits. *See **Coburn v. City of Dyersburg,*** 774 S.W.2d 610, 613 (Tenn. Ct. App. 1989); ***DeBerry v. Lexington Elec. System,*** C/A No. 02A01-9610-CV-00257, 1997 WL 567918, at *5-*6 (Tenn. Ct. App. W.S., filed September 15, 1997).

At the time of the plaintiff's accident, Anderson County's insurance policy with Coregis contained an automobile liability limit of $1,000,000 and uninsured/underinsured motorist coverage in the same amount. Although Anderson County carried a $1,000,000 liability policy, there is no express waiver of the GTLA liability limits stated in the policy.[4] Accordingly, Anderson County may not have a judgment or award rendered against it in excess of the liability limits of the GTLA. *See* T.C.A. § 29-20-311. However, the instant case does not involve a claim against the County. Nevertheless, Coregis argues that the GTLA operates to limit the amount that the plaintiff can recover under the County's uninsured motorist coverage, despite the fact that Anderson County and Coregis contracted for larger limits. In support of its argument, Coregis cites T.C.A. § 56-7-1201 (2000), which provides, in pertinent part, as follows:

> (a) Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle designed for use primarily on public roads and registered or principally garaged in this state, shall include uninsured motorist coverage, subject to provisions filed with and approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover compensatory damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

---

[4]The policy also apparently covers litigation not affected by the GTLA, such as suits brought pursuant to 42 U.S.C. § 1983, alleging civil rights violations.

-3-

> (1) *The limits of such uninsured motorist coverage shall be equal to the bodily injury liability limits stated in the policy.*

(Emphasis added). Coregis argues that, by operation of law, the monetary limits of the GTLA are part of the insurance contract and render the declared liability limits of the policy meaningless. Thus, so the argument goes, T.C.A. § 56-7-1201(a)(1) requires that the limits of uninsured motorist coverage be equal to the bodily injury liability limits of the County as set forth in the GTLA.

While it is well-settled "that 'any statute applicable to an insurance policy becomes part of the policy and such statutory provisions override and supersede anything in the policy repugnant to the provisions of the statute,'" ***Sherer v. Linginfelter,*** 29 S.W.3d 451, 453-54 (Tenn. 2000) (quoting ***Hermitage Health & Life Ins. Co. v. Cagle,*** 57 Tenn. App. 507, 420 S.W.2d 591, 594 (1967)), we find nothing "repugnant" to the insurance-related provisions of the GTLA in the policy's $1,000,000 uninsured motorist limit. As we have already stated, the GTLA limits the amount of a recovery against a governmental entity *when a claim is brought against such an entity.* The instant case does not invoke a claim against a governmental entity. The plaintiff is a county employee who is seeking the benefit of uninsured motorist coverage provided for him by his employer. We find nothing in the GTLA that *expressly* precludes a governmental entity from providing additional coverage to its employees to compensate them in the event they are injured while on duty by an uninsured or underinsured motorist. T.C.A. § 56-7-1201 mandates that the limits of uninsured motorist coverage "shall be equal to the bodily injury liability limits stated in the policy." That code provision does not provide that the uninsured motorist limits shall be equal to the liability limits specified in the GTLA. This latter interpretation is the way that Coregis would have us read the statute. We cannot change what the legislature has written in clear and unmistakable language. Coregis' argument, in effect, asks us to re-write the statute. This we cannot do. We do not establish policy; on this particular subject, that is the prerogative of the legislative branch. The $1,000,000 of uninsured motorist coverage is equal to the "liability limits stated in the policy." ***Id***. Therefore, that coverage conforms to the requirements of the statute.

III.

The plaintiff raises the issue of whether Coregis should be liable for damages for bringing a frivolous appeal. T.C.A. § 27-1-122 (2000) provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

This statute "must be interpreted and applied strictly so as not to discourage legitimate appeals." ***Davis v. Gulf Ins. Group,*** 546 S.W.2d 583, 586 (Tenn. 1977) (discussing the predecessor of T.C.A.

-4-

§ 27-1-122). An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success. ***Bursack v. Wilson,*** 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998); ***Industrial Dev. Bd. v. Hancock,*** 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

We find that this appeal is not so devoid of merit as to warrant its characterization as frivolous. Accordingly, we decline to award damages for such an appeal.

IV.

The judgment of the trial court is affirmed. This case is remanded for enforcement of the judgment and for collection of costs assessed below, all pursuant to applicable law. Costs on appeal are taxed to Coregis Insurance Company.

_____
CHARLES D. SUSANO, JR., JUDGE