IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 11, 2003

## LINDA CAMPBELL v. OPAL A. CARROLL, ET AL.

**Appeal from the Circuit Court for Robertson County**
**No. 9657      Ross H. Hicks, Judge**

_____

**No. M2003-00295-COA-R3-CV - Filed December 10, 2003**

_____

This appeal involves the denial by the trial court of a motion for Rule 11 sanctions. The request for sanctions was made *pro se* by defendant Michele Scott against plaintiff and her counsel for failing to perform an adequate prefiling investigation as required under Rule 11. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right: Judgment of the Circuit Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Michele Neal Scott, Springfield, Tennessee, Pro Se.

Christine Brasher, Springfield, Tennessee, for the appellee and cross appellant, Linda Campbell.

**MEMORANDUM OPINION**[1]

On March 10, 2001, Linda Campbell was riding in a car driven by Opal Carroll. Ms. Carroll attempted to turn right from the left hand lane into a parking lot, and her car was hit by that of Michelle Scott, who was driving in the right hand lane. On December 11, 2001, Ms. Campbell, the injured passenger, filed a lawsuit to recover for her injuries and named both drivers as defendants. In her complaint, Ms. Campbell alleged that Ms. Carroll failed to yield the right of way, otherwise failed to use due care, and was negligent. She also alleged that Ms. Scott was negligent in failing

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

to use due care to avoid the collision and failing to give warning. The complaint alleged that the actions of both defendants were the proximate cause of Ms. Campbell's injuries.

On April 8, 2002, the defendant Michelle Scott, through counsel, answered and denied any negligence. The answer also stated that she "pleads and relies upon the doctrine of comparative fault to be applied to all parties in this action." A week later, she filed a motion for summary judgment seeking dismissal of the action against her along with supporting affidavits. An agreed order was entered on June 24, 2002, reflecting a hearing held May 28, 2002, and recounting that the plaintiff, Linda Campbell, had agreed not to oppose Ms. Scott's motion for summary judgment immediately prior to the hearing. After considering the arguments and evidence, the court agreed to the entry of the order and dismissed the action against Ms. Scott.

Two months after entry of the order dismissing the action against her, Ms. Scott, acting *pro se*,[2] filed a motion seeking sanctions against Ms. Campbell and her attorney, Ms. Brasher. Ms. Scott insisted that Ms. Campbell and Ms. Brasher failed to conduct a complete evaluation of the case prior to filing and that if they had, Ms. Scott would not have been sued. In her motion for sanctions, Ms. Scott alleged:

> 1.) Plaintiff and her counsel have asserted claims in their Complaint that lacked evidentiary support and that were not warranted by existing law (or by a non-frivolous argument for the extension, modification, or reversal of existing law) or the establishment of a new law;

> 2.) By filing the frivolous claims, Counsel has unreasonably and vexatiously multiplied these proceedings; and

> 3.) The filing of the frivolous claims evidences bad faith.

The motion referred to Tenn. R. S. Ct. 8, DR 7-102(1) and (2), but the memorandum in support relied upon Tenn. R. Civ. P. 11 ("Rule 11") although it also asserted that a party seeking Rule 11 sanctions could combine that request with a request for other sanctions that have no "safe harbor" provision.

---

[2]To this point, Ms. Scott had been represented by counsel retained by her insurance carrier.

2

After a hearing, the trial court denied Ms. Scott's request for Rule 11 sanctions,[3] finding that:

> [T]he complaint was basically a standard complaint alleging fault to both Ms. Scott and the co-defendant Ms. Carroll.

> That on March 22, 2002, AID, Ms. Scott's insurance carrier, solicited an unlimited extension in which to file an answer to the complaint and that Ms. Brasher, counsel for the plaintiff, agreed to the extension and further agreed to provide the defendant thirty (30) days advance notice if she was required to file any answer. The extension was never revoked.

> Further the court finds that on April 15, 2002, less than one month after the unlimited extension was granted, Frank Thomas filed a Motion for Summary Judgment on behalf of AID Insurance and the defendant [Ms. Scott]. That on May 5th, counsel for the plaintiff drafted a letter to attorney Frank Thomas agreeing to dismiss the claim as to Ms. Scott and that on June 24, 2002, an Agreed Order of Dismissal was entered.

> The Court finds that attorney, Christine Brasher, acted in a manner consistent with an attorney pursuing an automobile accident claim on behalf of her client, and that no conduct complained of by the *pro se* litigant would subject the plaintiff or counsel to sanctions under the facts and circumstances so testified to in this matter.

## STANDARD OF REVIEW

Our review of the trial court's ruling on a Rule 11 motion is under an abuse of discretion standard. *Krug v. Krug,* 838 S.W.2d 197, 205 (Tenn. Ct. App.1992). An abuse of discretion occurs when the decision of the lower court has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable. *State v. Brown & Williamson Tobacco Corp.,* 18 S.W.3d 186, 191 (Tenn.2000). Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn.2001). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

Our review of Rule 11 decisions is governed under this deferential standard since the question of whether a Rule 11 violation has occurred requires the trial court to make highly fact intensive determinations regarding the reasonableness of the attorney's conduct. *Krug,* 838 S.W.2d

---

[3]Ms. Scott's Rule 11 motion was initially granted by default because neither Ms. Campbell nor Ms. Brasher appeared at the hearing on the motion. A hearing was set on damages. Ms. Brasher moved to set aside that order, and on October 31, 2002, the trial court set aside the order upon a showing by Ms. Brasher that an office computer malfunction had erased the original hearing date and therefore satisfactorily explained her absence from the hearing. The court ordered reimbursement to Ms. Scott for her time spent in court for the two hearings.

at 205. We review the trial court's findings of fact with a presumption of correctness. Tenn. R. App. P. 13(d).

## ANALYSIS

Tenn. R. Civ. P. 11.02 provides:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The Tennessee Supreme Court held in *Andrews v. Bible*, 812 S.W.2d 284, 287 (Tenn.1991), that when determining if sanctions are in order, the trial court must use an objective test of reasonableness. The test to be applied in deciding whether an attorney's conduct is sanctionable is one of objective reasonableness under all the circumstances, and the reasonableness of the attorney's belief must be assessed in light of the circumstances existing at the time the document in question was signed. *Andrews,* 812 S.W.2d at 288. Whether an attorney has made sufficient inquiries in light of the circumstances is a factual determination. The evidence herein does not preponderate against the trial court's findings of fact.

When Ms. Campbell first contacted Ms. Brasher, she had been injured in the accident, was incurring medical bills, and was anxious to resolve payment of those bills. Ms. Brasher contacted or attempted to contact insurance companies for both drivers trying to ascertain which was going to pay the bills Ms. Campbell had incurred. After several months, she had no definitive answer. Ms. Brasher had the police report from the accident as well as information from her client. She researched the law of comparative fault. To protect her client's interests, she filed suit naming both drivers as defendants, having concluded the questions of whether Ms. Scott was negligent and whether any conduct on her part contributed to Ms. Campbell's injuries were questions to be

4

determined by a jury. She felt Ms. Scott was under a duty of due care and that there were questions regarding breach of that duty. "It was also my understanding as an attorney for the Plaintiff that I had to put these issues on the table since after three months of attempting to address this issue directly and without litigation I had not been able to get any confirmation on the issue of liability."

Immediately after the suit was filed, Ms. Brasher again contacted Ms. Scott's insurance company, which notified her it was that company's understanding that the other driver was at fault and that her insurance company would accept total responsibility. Later, Ms. Brasher agreed to give Ms. Scott's insurance company an open unlimited extension of time in which to file an answer. The purpose of that agreement was to provide more time for resolution of the issues before the insurance company retained a lawyer in the matter. Ms. Brasher continued to pursue definitive responses from each of the insurance companies. She was eventually told that Ms. Carroll's insurance company would accept liability.

By this time, Ms. Scott, through counsel, filed her motion for summary judgment. Immediately prior to the hearing on that motion, Ms. Brasher and Ms. Scott's attorney agreed to dismiss Ms. Scott on the merits.[4] They announced this agreement to the court, and an order was later drafted by Ms. Scott's attorney, signed by counsel, and entered by the court.

As Ms. Brasher described it, she did not have confirmation that the other driver's insurance company was going to accept full responsibility for her client's injuries before Ms. Scott felt compelled to begin her defense. Although Ms. Scott was not required to respond, because of the extension given by Ms. Brasher, the attorney retained by her insurance company pursued dismissal through summary judgment, apparently at Ms. Scott's insistence. At the hearing, Ms. Scott stated she had never agreed to the extension for answering which had been granted her through her insurance company.

In the circumstances present, clearly the trial court did not abuse its discretion in failing to grant Rule 11 sanctions against either Ms. Campbell or her attorney, Ms. Brasher, and we therefore affirm its decision.

We note that Ms. Scott sought sanctions against both the attorney, Ms. Brasher, and the client, Ms. Campbell. The plaintiff, Ms. Campbell, has moved this court to declare this appeal frivolous and to award her attorney's fees pursuant to Tenn. Code Ann. § 27-1-122. Ms. Brasher has not filed a similar request on her own behalf. An appeal is frivolous if it is devoid of merit or if it has no reasonable chance of success. *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001). Having carefully reviewed the record, we agree with the plaintiff, Ms. Campbell, that the appeal is frivolous and, therefore, we grant her request for attorneys fees to the extent she actually

---

[4]Ms. Brasher stated that after the other driver's insurance company accepted responsibility she sent a notice to Ms. Scott's attorney that Ms. Campbell would non-suit her action against Ms. Scott. On the day of the summary judgment hearing, she inquired if the attorney who appeared at the hearing had received her confirmation, and he replied negatively. They agreed, under the circumstances, to handle the dismissal through the summary judgment motion.

incurred such fees in this appeal. Obviously, Ms. Brasher also appeared on her own behalf and, since she has not requested fees for her own representation, we presume the fees attributable to representation of Ms. Campbell reflect only a portion of the time spent on this appeal. In addition, the costs of this appeal are taxed to the appellant, Ms. Scott, and the case is remanded to the trial court for any further necessary proceedings.

_____

PATRICIA J. COTTRELL, JUDGE