# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### December 12, 2012 Session

## CARRIE ALISANN HARDIN v. BRADLEY RAY HARDIN

**Direct Appeal from the Chancery Court for Weakley County**
**No. 20748      W. Michael Maloan, Chancellor**

---

**No. W2012-00273-COA-R3-CV - Filed December 27, 2012**

---

In this modification of custody case, Mother appeals only the trial court's failure to make a specific finding that modification is in the child's best interest. Concluding that the trial court failed to make the necessary findings of fact and conclusions of law, we vacate the order of the trial court naming Father primary residential parent and remand to the trial court for the entry of an order with appropriate findings of fact and conclusions of law.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,W.S., and DAVID R. FARMER, J., joined.

James T. Powell, Union City, Tennessee, for the appellant, Carrie Alisann Hardin.

Kent T. Gearin, Martin, Tennessee, for the appellee, Bradley Ray Hardin.

## OPINION

### I. Background

Carrie Alisann Hardin ("Mother") and Bradley Ray Hardin ("Father") were divorced in 2009. Mother was named primary residential parent of the parties' minor daughter. On July 25, 2011, Father filed a Petition to Modify Permanent Parenting Plan Order, Issuance of a Temporary Restraining Order and Contempt. Father alleged that contrary to the provisions in the parenting plan, he had become the primary custodian of the child and the child was residing with him 75% of the time. Father also alleged that Mother had several relationships with various paramours, who were often allowed to spend the night at Mother's

home in the same bed as Mother and the child. Father further alleged that the child, who has allergies, is exposed to cigarette smoke while in Mother's custody, that Mother's financial issues have caused her to move into an unsuitable home with a third party, and that Mother leaves the child with a mentally unstable caretaker (specifically, the child's grandmother). Father also alleged that Mother was in contempt in failing to maintain health insurance for the child.

A Temporary Restraining Order was entered on July 25, 2011, enjoining Mother from interfering with Father's exclusive custody of the child, other than Mother's two-day-a-week parenting time. Mother filed an answer on July 29, 2011. Mother also filed a Counter-Petition alleging a material change in circumstances based upon the child's enrollment in pre-kindergarten and alleging that Father was in contempt for failing to pay child support.

On September 26, 2011, the trial court vacated the temporary order and ordered that the parties would have equal parenting time on an alternating week basis. Mother was also ordered to provide a letter from a doctor regarding the caretaker's mental state.

A trial was held on November 29, 2011. On January 9, 2012, the trial court entered an order finding a material change in circumstances and naming Father primary residential parent. The order states:

> Based upon the evidence produced at trial, testimony of the parties and witnesses, arguments of counsel and, in fact, a review of the record as a whole, the Court finds the Petition of the Father to modify the Permanent Parenting Plan Order is well taken and is granted in that there has been a material change of circumstances which has occurred since the entry of the previous Permanent Parenting Plan Order filed herein. It is therefore ordered that the Permanent Parenting Plan attached hereto is made an Order of this Court.

The Court further found that Mother should have standard visitation, that the child should be kept in a smoke-free environment, and that, for purposes of child support calculation, minimum wage income should be imputed to Mother. Mother appealed, but filed no transcript or statement of the evidence. On July 6, 2012, this Court entered an order noting that the trial court's January 9, 2012 order failed to adjudicate either party's petition for contempt. In response, the trial court entered an order on July 11, 2012, specifically denying both party's contempt petitions and any other matters not specifically addressed in its earlier order. The July 11, 2012 order made no additional findings with regard to the change of custody issue.

## II. Issues Presented

Mother raises one issue on appeal, specifically:

> Whether the trial court erred in failing to properly consider the factors as outlined in Tennessee Code Annotated Section 36-6-106 and by making no finding as to the weight, if any, given to any of the factors and could the Court have properly made a finding of best interest relating to the child without proper consideration of the above referenced factors?

In the posture of appellee, Father raises the following issue:

> Whether Father should be awarded his attorney fees incurred on appeal because the appeal has no chance of success and is, therefore, frivolous pursuant to Tennessee Code Annotated Section 27-1-122?

## III. Analysis

## A. Best Interest Finding

We turn first to Mother's argument that the trial court failed to make a proper finding of best interest. In order to modify custody in an existing parenting plan, a trial court must engage in a two-step analysis. First, the court must determine whether a material change in circumstances has occurred since the entry of the prior order. Tenn. Code Ann. § 36-6-101(a)(2)(B). Pursuant to Tenn. Code Ann. § 36-6-101(a)(2)(B), the party seeking modification has the burden of proving a material change in circumstances. Second, upon finding a material change in circumstances has occurred, the court must consider the factors enumerated in Tenn. Code Ann. § 36-6-106(a) and make a determination whether it is in the child's best interests to modify the current custody arrangement. ***Kendrick v. Shoemake***, 90 S.W.3d 566, 570 (Tenn. 2002). The trial court is directed to consider a variety of factors in determining the child's best interest. *See* Tenn. Code Ann. § 36-6-404(b) (setting forth various factors the trial court must consider in fashioning a parenting schedule, including "[t]he character and physical and emotional fitness of each parent as it relates to each parent's ability to parent or the welfare of the child" and "the importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment"). This Court has previously held that, while "there is no statutory requirement that the court list every applicable factor along with its conclusion as to how that particular factor impacted the overall custody determination," the statute nevertheless "requires the trial court to consider

-3-

all the applicable factors."[1] ***Murray v. Murray***, No. M2009-01576-COA-R3-CV, 2010 WL 3852218, at *8 (Tenn. Ct. App. Sept. 28, 2010). Moreover, this Court has encouraged trial courts to "be as precise as possible in making child custody findings" in order to facilitate meaningful appellate review. ***In re Elaina M.***, No. M2010-01880-COA-R3-JV, 2011 WL 5071901, at *8 (Tenn. Ct. App. Oct. 25, 2011).

Mother does not contest the trial court's finding that a material change in circumstances occurred in this case. Instead, she only argues that the trial court failed to make an appropriate finding as to best interest. After reviewing the record in this case, we conclude that the trial court failed to make findings of fact or conclusions of law on this issue as required by Rule 52.01 of the Tennessee Rules of Civil Procedure. Accordingly, we vacate and remand to the trial court for the entry of an order on the best interest issue that complies with Rule 52.01.

In bench trials, trial courts must make findings of fact and conclusions of law to support their rulings. Rule 52.01 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

*Id.* Prior to July 1, 2009, trial courts were only required to make specific findings of fact and conclusions of law "upon request made by any party prior to the entry of judgment." *See* ***Poole v. Union Planters Bank N.A.***, No. W2009-01507-COA-R3-CV, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010) (noting the amendment). However, the current version of Rule 52.01 requires the court to make these findings regardless of a request by either party. ***Id.***

This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009).

---

[1] This Court has previously expressed concern that the case law holding that trial judges need not articulate the factors pursuant to Tennessee Code Annotated Section 36-6-106(a) appears to conflict with the intent of Tennessee Rule of Civil Procedure 52.01. *See* ***In re Elaina M.***, No. M2010-01880-COA-R3-JV, 2011 WL 5071901, at *8 n.13 (Tenn. Ct. App. Oct. 25, 2011).

Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)).

The trial court made no finding as to best interest in this case, nor does its order reflect that the trial court considered any of the applicable factors in ruling that Father should be named primary residential parent of the child. This omission is in clear contravention of the trial court's duty to make findings of fact and conclusions of law pursuant to Rule 52.01, as well as its duty to "consider all the applicable factors" when making a best interest determination. *Murray*, 2010 WL 3852218, at *8. At oral argument, however, counsel for Father argued that the trial court's failure to make findings of fact and conclusions of law on the best interest issue was excused when Mother failed to file a transcript or statement of the evidence with her appeal. Rule 24 of the Tennessee Rules of Appellate Procedure provides, in pertinent part:

> (b) **Transcript of Stenographic or Other Substantially Verbatim Recording of Evidence or Proceedings.** If a stenographic report or other contemporaneously recorded, substantially verbatim recital of the evidence or proceedings is available, the appellant shall have prepared a transcript of such part of the evidence or proceedings as is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. Unless the entire transcript is to be included, the appellant shall, within 15 days after filing the notice of appeal, file with the clerk of the trial court and serve on the appellee a description of the parts of the transcript the appellant intends to include in the record, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. . . . The transcript, certified by the appellant, appellant's counsel, or the reporter as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.
>
> (c) **Statement of the Evidence When No Report, Recital, or Transcript Is Available.** If no stenographic report, substantially

verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal.

"The absence of either a transcript or a statement of the evidence significantly ties the hands of the appellate court." *Chandler v. Chandler*, No. W2010-01503-COA-R3-CV, 2012 Tenn. App. LEXIS 418, at *19 (Tenn. Ct. App. June 26, 2012). "The duty to see to it that the record on appeal contains a fair, accurate, and complete account of what transpired with respect to the issues being raised on appeal falls squarely on the shoulders of the parties themselves, not the courts." *Trusty v. Robinson*, No. M200-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001) (citing Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560–61 (Tenn. 1993); *Realty Shop, Inc. v. RR Westminister Holding, Inc.*, 7 S.W.3d 581, 607 (Tenn. Ct. App. 1999); *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997)). Generally, the failure to file an adequate appellate record will be attributed to the appellant, who bears the responsibility to prepare a record that is adequate for a meaningful appellate review. Tenn. R. App. P. 24(b); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Without an appellate record containing the facts, this court cannot perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, in such cases, we generally assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *Id.*; *McDonald*, 772 S.W.2d at 914; *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988). Thus, Father argues that Mother's failure to file a transcript or statement of the evidence requires this Court to presume that the trial court's decision is supported by the evidence, despite the trial court's failure to make findings of fact and conclusions of law.

In this case, however, we conclude that Mother's failure to file a transcript or statement of the evidence does not vitiate the trial court's failure to make specific findings of fact and conclusions of law. We note that the trial court is now required to make such findings regardless of a request from either party. *See Poole*, 337 S.W.3d at 791. Therefore, the trial court's duty under Rule 52.01 is not conditioned on the actions of the parties. Further, the  trial court's duty to make findings of fact and conclusions of law precedes the filing of an appeal and the duty to prepare the appellate record. Not only does the requirement of findings of fact and conclusions of law help "facilitate appellate review." *In*

*re K.H.*, 2009 WL 1362314, at *8, but by clearly expressing its reasons for making a decision to the parties involved, the trial court may decrease the likelihood of an appeal. In addition, we have held that the technical record coupled with the appropriate findings of fact and conclusions of law as set out by the trial court are sometimes sufficient to support limited, but meaningful appellate review. *See Gross v. McKenna*, No. E2005–02488–COA–R3–CV, 2007 WL 3171155, at *2–3 (Tenn. Ct. App. Oct. 30, 2007) ("Because of the absence of a proper record, we are limited to addressing those issues which raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the facts as stated by the judge himself in his memorandum opinions."); *Baker v. Hancock County Election Commission*, No. 15, 1987 WL 7717, at *1 (Tenn. Ct. App. March 12, 1987) ("No transcript or statement of the evidence was filed, but we will accept as accurate the findings of fact in the Trial Court's memorandum opinion"). Thus, appellate review is sometimes possible in the absence of a transcript or statement of the evidence, so long as the trial court made appropriate findings of fact and conclusions of law. In contrast, we have held that when the trial court fails to make sufficient findings of fact and conclusions of law, the appropriate remedy is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law," *Lake v. Haynes*, No. W2010-00294-COA-R3-CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011), unless the issue on appeal involves only a clear legal issue, *Burse v. Hicks*, No. W2007–02848–COA–R3–CV, 2008 WL 4414718, at *2 (Tenn. Ct. App. Sept. 30, 2008), or when the court's decision is "readily ascertainable." *Burgess v. Kone, Inc.*, No. M2007–0259–COA–R3–CV, 2008 WL 2796409, at *2 (Tenn. Ct. App. July 18, 2008). However, the issue of what is in the best interest of a child is a particularly fact-driven analysis, *Nichols v. Nichols*, 792 S.W.2d 713, 716 (Tenn. 1990); *Gaskill v. Gaskill*, 936 S.W.2d 626, 630 (Tenn. Ct. App.1996), and nothing in the trial court's order suggests that the trial court considered it. Therefore, we conclude that Mother's failure to properly file a transcript or statement of the evidence does not trump the trial court's failure to follow the mandates of Rule 52.01 by making detailed findings of fact and conclusions of law on the fact-intensive issue of what is in the best interests of the child.

As previously discussed, in order to modify custody, the trial court must determine both that there has been a material change in circumstances, and that a change in custody is in the child's best interests. *See* Tenn. Code Ann. § 36-6-101(a). Thus, a finding that there has been a material change in circumstances, alone, is insufficient to justify modifying custody of a child. *See Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002) ("If a material change in circumstances has occurred, it must then be determined whether the modification is in the child's best interests."). Because the trial court in this case failed to make any findings regarding the best interest of the child, we vacate the judgment of the trial court naming Father primary residential parent of the child, and remand for the entry of an

order with appropriate findings of fact and conclusions of law.[2]

## B. Attorney Fees

In his brief, Father requests an award of attorneys fees incurred on appeal pursuant to Tennessee Code Annotated Section 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001). "Imposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable, which is rare. *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010). In this case, we have decided the issue raised by Mother in her favor. Accordingly, her appeal was not frivolous. Father's request for attorney fees is, therefore, denied.

## III. Conclusion

The judgment of the trial court is vacated and this cause is remanded to the trial court for all further proceedings as may be necessary and consistent with this opinion. Costs are assessed against Appellee Bradley Ray Hardin, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[2] Mother requests that this Court require the trial court to hold a new hearing on the issue of best interest upon remand. We decline to require the trial court to hold a new hearing; however, the trial court may, in its discretion, hold a new hearing on this issue, if it concludes that a new hearing is warranted.