# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
December 16, 2015 Session

## LAKEILIA JOHNSON v. NEW WAVE, LLC ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 092295-III    Ellen H. Lyle, Chancellor

_____

### No. M2014-02447-COA-R3-CV – Filed December 30, 2015

_____

Homeowner filed suit against Defendants alleging intentional misrepresentation as to contractor licensure, construction skills, and code compliance, breach of implied duty of good faith and fair dealing, and violation of Tenn. Code Ann. § 62-6-136 for misrepresentation of licensure in connection with a $27,500 contractor agreement for home improvements. The trial court concluded that Defendants committed intentional misrepresentation, breached the duty of good faith and fair dealing, and violated Tenn. Code Ann. § 62-6-136. The trial court awarded Homeowner $18,100 in compensatory damages, $36,200 in punitive damages, and prejudgment interest at the rate of 5% per annum from the date the lawsuit was filed. Due to the lack of a transcript or a proper statement of the evidence, we must affirm. We also find this appeal is devoid of merit and so lacking in justiciable issues that it constitutes a frivolous appeal within the meaning of Tenn. Code Ann. § 27-1-122. Accordingly, on remand the trial court shall award just damages for the expenses Homeowner incurred as a result of this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Keith Sanders, Brentwood, Tennessee, Pro se.

David J. Tarpley, Zachary D. Oswald, and Claire B. Abely, Nashville, Tennessee, for the appellee, Lakeilia Johnson.

## OPINION

Although we do not have a verbatim transcript of the evidence or a statement of the evidence, we learn the following from the pleadings in the record, the trial court's orders, and the briefs. Lakeilia Johnson ("Homeowner") met Keith Sanders after he was

referred to her for the limited purpose of completing gutter repair on her home located in Nashville, Tennessee. At the time Homeowner met Mr. Sanders, her home was in significant disrepair. Mr. Sanders informed Homeowner that he could perform other repair work and renovations on the home. Although Mr. Sanders was not a licensed contractor and knew he could not obtain the necessary construction permits, he represented to Homeowner that he was a licensed contractor and that the necessary permits would be obtained. Homeowner relied on Mr. Sanders' representations and entered into a contract for various repairs to the home.

Mr. Sanders began work in August 2007. By October 5, 2007, Homeowner had paid Mr. Sanders $18,100, which he deposited into the business bank account for New Wave, LLC d/b/a Abest ("New Wave").[1] Following a dispute regarding the application of Homeowner's payments and the completion of the contract, Mr. Sanders terminated work at the home on October 5, 2007, claiming that Homeowner failed to pay the full amount required as of that date. At the time Mr. Sanders terminated work at the home, the following conditions existed: electrical wires were left pulled out from the walls for dry-walling; dry-walling was incomplete; the kitchen sink was not hooked up and there were no kitchen counters; toilets were not reinstalled; an air conditioner unit was removed from a window and the exterior was not secured from the elements; a sink was removed from the upper bath and not reconnected; holes and cuts for the HVAC were left open; kitchen cabinets were insecure and ill-fitting; stair railings were removed; and there were no operable bathrooms.

Homeowner filed suit against several defendants including Mr. Sanders, individually, and New Wave on December 4, 2009, alleging, *inter alia*, intentional misrepresentation and breach of implied duty of good faith and fair dealing.[2] Homeowner later amended her pleadings to assert the statutory cause of action of imputation of liability against an individual for misrepresentation of licensure provided at Tenn. Code Ann. § 62-6-136. Mr. Sanders responded that he entered into the contract with Homeowner on behalf of A-Best Construction, Inc., a licensed contractor in Jackson, Tennessee, which was owned and operated by Bruce Joy. To support this assertion, Mr. Sanders contended that the contract was entered into by Homeowner and "A-Best Construction," which is identified as the "Contractor" in the first sentence of the contract.

The case was tried without a jury over a period of five days. In an order entered March 17, 2014, the trial court ruled that Mr. Sanders committed intentional

---

[1] Mr. Sanders was a member of the business New Wave, LLC. New Wave, LLC did business as subsidiaries New Wave Mortgage and as Abest, and/or Abest Construction.

[2] Plaintiff also alleged claims against the wife of Mr. Sanders and other businesses with whom Mr. Sanders is associated, all of which the trial court dismissed. Neither party assigns error in the dismissal of those claims.

misrepresentation, breached the duty of good faith and fair dealing, and violated Tenn. Code Ann. § 62-6-136.[3] The trial court found that the "Abest" Homeowner had dealings with, and whom Mr. Sanders was acting on behalf of, was New Wave LLC d/b/a Abest, *not* A-Best Construction, Inc. The trial court further found that Homeowner had no knowledge or experience in construction work, that Mr. Sanders was not a licensed contractor, that Mr. Sanders intentionally misrepresented that he was a licensed contractor, that Mr. Sanders misrepresented that all permits necessary for the work would be obtained, that Mr. Sanders misrepresented that the repairs could be completed for $27,500, and that these misrepresentations caused Homeowner to enter into the contract with Mr. Sanders.

The trial court awarded Homeowner compensatory damages of $18,100 against New Wave and Mr. Sanders, jointly and severally, with prejudgment interest at the rate of 5% per annum from the date the lawsuit was filed. Finding Mr. Sanders' actions were intentional and fraudulent, the trial court awarded Homeowner $36,200 in punitive damages against Mr. Sanders, individually, in an effort to "punish [him] for misrepresenting that he was a licensed contractor and to deter others from committing this wrong." Mr. Sanders appealed; New Wave did not.

On appeal, Mr. Sanders asks this court to "revisit the findings of fraud, misrepresentation, and good faith," and to "reconsider the punitive damages ruling, and violation of Tennessee Code Annotated section 62-6-136."

Homeowner presents the following issues for our review:

1) Whether the Court should dismiss the appeal when Mr. Sanders has waived all rights to appeal by failing to ensure that an adequate transcript, statement of the evidence, or record on appeal was filed in the appellate court.

2) Whether the Court should dismiss the appeal when Mr. Sanders has waived all potential issues by failing to comply with the Tennessee Rules of Appellate Procedure, cite to the record, or address the merits of the case in the argument section of his brief.

3) Whether the trial court's conclusions of law are correct when the findings of the trial court are presumed to be correct for Mr. Sanders' failure to comply with applicable rules, and the trial court conclusions of law are appropriately based upon its findings.

---

[3] On November 26, 2014, Homeowner filed a motion to amend the final judgment to reflect the various aliases used by Mr. Sanders. Thereafter, the trial court entered a new final decree containing identical findings of facts, conclusions of law, and an award of damages, but also included therein the other names used by Mr. Sanders.

4) Whether Homeowner is entitled to recover her attorney fees and expenses incurred in defending this appeal when Mr. Sanders has failed to submit a transcript or statement of the evidence, thus giving this Court no record to review, and where the Mr. Sanders cites to no evidence in the record or legal grounds or authority upon which this Court could offer him any relief, leaving no reasonable chance of success for Mr. Sanders.

## ANALYSIS

Because this case was decided by the trial court without a jury, we review the trial court's factual findings de novo with a presumption that they are correct unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Evidence preponderates against the trial court's findings of fact when it supports another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Associates*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000). We will affirm the trial court's decision unless the evidence preponderates against the trial court's factual determinations or the trial court has committed an error of law affecting the outcome of the case. *Boyer v. Heimermann*, 238 S.W.3d 249, 254-55 (Tenn. Ct. App. 2007); *see also* Tenn. R. App. P. 36(b).

The appellant bears the burden of showing that the evidence presented to the trial court preponderates against the judgment of the trial court. *See Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000) (citing *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)); *see also State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (holding that it is the duty of the party seeking review of the action of the trial court to prepare a record sufficient to enable the reviewing court to determine if the trial court erred). As we have noted in previous cases, the lack of a transcript or statement of the evidence is generally fatal to the party having the burden on appeal. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). This is due to the fact that without a verbatim transcript or statement of the evidence, there is no evidence to rebut the presumption that the parties presented sufficient evidence to the trial court to support the judgment of the trial court. *Rodell*, 42 S.W.3d at 865.

We are mindful that Mr. Sanders is a pro se litigant, and he is entitled to fair and equal treatment; however, he is "not excused from complying with applicable substantive and procedural law" imposed on litigants represented by counsel. *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Mr. Sanders, the appellant, failed to favor this court with a transcript of the evidence pursuant to Tenn. R.

App. P. 24(b) or a statement of the evidence pursuant to Tenn. R. App. P. 24(c).[4] Thus, we have no evidence to consider, only a technical record provided pursuant to Tenn. R. App. P. 24(b). With no evidence to rebut the presumption of correctness, we have no basis to conclude that the evidence is insufficient to support the judgment of the trial court. *Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155 at *3 (Tenn. Ct. App. Oct. 30, 2007).

Furthermore, the trial court's award of punitive damages was in accordance with the law. A court may award punitive damages only if it finds by clear and convincing evidence that a defendant has acted either "(1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). The trial court found that Mr. Sanders' actions were intentional, fraudulent, and warranted an award of $36,200 in punitive damages in an effort to "punish Defendant Keith Sanders for misrepresenting that he was a licensed contractor and to deter others from committing this wrong" Accordingly, the trial court did not err in awarding Homeowner punitive damages.

## II.

Homeowner argues that Mr. Sanders' appeal should be deemed frivolous. This court is statutorily authorized to award just damages against the appellant if we determine the appeal is frivolous or that it was taken solely for delay. Tenn. Code Ann. § 27-1-122. The statute, however, is to "be interpreted and applied strictly to avoid discouraging legitimate appeals." *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2004) (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977) (discussing the predecessor of Tenn. Code Ann. § 27-1-122)).

A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. *Id.* A party's failure to provide an adequate record may render the appeal frivolous. *See Williams v. Williams*, 286 S.W.3d 290, 297-98 (Tenn. Ct. App. 2008). Moreover, when appellants fail to cite to any evidence or rule of law that would entitle them to relief, courts consider this to be "one indicator that the appeal may be frivolous." *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *see also Whalum*, 224 S.W.3d at 181 ("[F]ailure to even cite to or argue for a justifiable extension of the law controlling resolution of a given case is an indication that an appeal may be frivolous.").

Mr. Sanders failed to provide a record that would allow us to conduct a review of the trial court's findings of fact even though his arguments focus on the trial court's

---

[4] The record does contain a partial transcript of the first two days of the trial provided by Homeowner to the trial court following a three-month break in the proceedings. This partial transcript, however, does not offer a complete and accurate portrayal of the issues and facts presented during the full trial.

factual determinations. Furthermore, the arguments set forth by Mr. Sanders are so deficient that it is impossible to determine what specific issues the appellant is raising on appeal. In his two-page brief, Mr. Sanders merely makes a blanket statement that he wants the court to "revisit the findings of fraud, misrepresentation, and good faith" and "reconsider the punitive damages ruling, and violation of Tennessee Code Annotated section 62-6-136." He neither sets forth any arguments regarding why the trial court's decisions were legally incorrect nor cites any authority to support his position.

For the foregoing reasons, we find this appeal is devoid of merit and so lacking in justiciable issues that it constitutes a frivolous appeal within the meaning of the statute. Accordingly, on remand the trial court shall award "just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal." Tenn. Code Ann. § 27-1-122.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Mr. Sanders.

_____
FRANK G. CLEMENT, JR., JUDGE