IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 23, 2017 Session

## JENNIFER L. AL-ATHARI, ET AL. v. LUIS A. GAMBOA, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C5327     Thomas W. Brothers, Judge**

_____

### No. M2016-01310-COA-R3-CV

_____

Following two appeals, this negligence action was resolved in a jury trial.  The jury returned a verdict finding for Defendant; Plaintiffs appealed and, discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Jennifer L. Al-Athari and Haider G. Al-Athari, Hermitage, Tennessee, Pro Se.

Steven D. Parman, Nashville, Tennessee, for the appellees, Morgan Southern Inc.

Dixie W. Cooper and Matthew H. Cline, Nashville, Tennessee, for the appellees, Victor W. Isaac, M.D. and Pain & Spine Consultants, P.C.

### MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL HISTORY

This case and these parties come before this Court for a third time.  Facts pertinent to the instant appeal are set forth in the opinion in the second appeal:

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On June 2, 2010, Haider Al-Athari and Jennifer Al-Athari ("Plaintiffs" or "Mr. and Ms. Al-Athari") filed suit against Luis Gamboa and Morgan Southern Inc. ("Defendants" or "Morgan Southern") to recover for injuries allegedly sustained by Jennifer Al-Athari when the car she was driving was involved in an accident with a truck being driven by Luis Gamboa and owned by Morgan Southern; Haider Al-Athari claimed damages from loss of consortium. On January 14, 2013, the trial court granted four motions *in limine* filed by Defendants and on January 18, entered an order dismissing the case without prejudice for failure to prosecute. Mr. and Mrs. Al-Athari appealed, and we affirmed the judgment of the trial court on the motions *in limine* and the dismissal of the complaint on December 30, 2013; we also held the appeal was frivolous and remanded the case to determine the amount of damages owed to Morgan Southern pursuant to Tenn. Code Ann. § 27-1-122.[2]

*Al-Athari v. Gamboa, et al.*, No. M2015- 00278-COA-R3-CV, 2016 WL 4199099, at *1 (Tenn. Ct. App. August 5, 2016) (*no perm. app. filed*).

Following the dismissal of the first complaint, Mr. and Mrs. Al-Athari refiled the action seeking damages for the June 2010 accident. In the second appeal, Mr. and Mrs. Al-Athari raised issues relating to the dismissal of the first complaint and the grant of Morgan Southern's motions in *limine*; inasmuch as those issues had been resolved in the first appeal, we determined that they were barred by *res judicata*. *Id.* We considered all remaining issues, including: whether the trial court was impartial; whether the award of damages for the first appeal was appropriate; and whether the denial of their "Motion to Correct Errors" pursuant to Tenn. R. Civ. P. 60 and "Motion to Correct the Liability Agreement Order" was proper. *Id.* After reviewing the record, we affirmed the trial court's denial of Mr. and Mrs. Al-Athari's motion to correct errors; found Mr. and Mrs. Al-Athari's motion to correct the liability agreement and argument that the trial judge was impartial were without merit; determined Mr. and Mrs. Al-Athari's appeal was frivolous; and remanded the case for a determination of damages pursuant to Tennessee Code Annotated section 27-1-122. *Id.* at *2, *3-*4.

Mr. and Mrs. Al-Athari's second complaint was set for a jury trial on April 4, 2016.[3] The court entered an order on April 6 resetting the trial to May 9, stating that one of the plaintiffs had been admitted to the hospital. On April 25, Mr. and Mrs. Al-Athari

---

[2] On remand, "[t]he trial court entered an order on April 16, 2014, awarding Morgan Southern judgment in the amount of $5,346.89. No appeal was taken from the judgment." *Al-Athari v. Gamboa, et al.*, No. M2015-00278-COA-R3-CV, 2016 WL 4199099 (Tenn. Ct. App. August 5, 2016) (*no perm. app. filed*).

[3] On March 9, 2016, the trial court granted Morgan Southern's Motion for Partial Summary Judgment and dismissed Mr. and Mrs. Al-Athari's claims under the theories of *res ipsa loquitur*, negligent hiring, and negligent entrustment.

filed a motion for default judgment against Mr. Gamboa and stated in their motion "Mr. Gamboa was served many times in this accident but he was not to be found in this county or this state" and that "Mr. Gamboa has failed to plead or otherwise defend his side as provided by the rules of this state." After a hearing on April 29, 2016, the trial court entered an order denying Mr. and Mrs. Al-Athari's motion and holding service of process was not effected on Mr. Gamboa.[4]

Trial was held on May 9 and 10. After Mr. and Mrs. Al-Athari presented their proof, Morgan Southern moved for a directed verdict as to Mr. and Mrs. Al-Athari's claims for past and future medical expenses, future pain and suffering, future loss of enjoyment of life, loss of earning capacity, and permanent impairment; the motion was granted. Following their deliberations, the jury returned a verdict in favor of Morgan Southern. Mr. and Mrs. Al-Athari appeal, raising a host of issues; though these issues are not easily discernible, it is clear that Mr. and Mrs. Al-Athari dispute issues pertaining to discovery, evidence that was admitted or denied admission at trial, and the testimony and depositions of witnesses during the course of the trial; they also raise issues as to rulings and events predating the trial and prior appeals.

## II. ANALYSIS

It is a well-established rule in this State that appeals from jury trials must be preceded by a motion for new trial when the error alleged is based on the "admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case." Tenn. R. App. P. 3(e).

In *Fahey v. Eldridge*, this Court provided a succinct statement on the importance of filing a motion for new trial:

> It has long been the rule in this state that in order to preserve errors for appeal, the appellant must first bring the alleged errors to the attention of the trial court in a motion for a new trial. This requirement was initially imposed by this Court to make more efficient the process of reviewing "the ever increasing number of appeals," and we have recognized that this practice significantly aids the functions of the appellate courts by limiting and defining the issues for review. Moreover, and perhaps most importantly, motions for a new trial also help to ensure that the trial judge might be given an opportunity to consider or to reconsider alleged errors committed during the course of the trial or other matters affecting the jury or the verdict, such as alleged misconduct of jurors, parties, or counsel

---

[4] Morgan Southern assumed responsibility for any negligence on the part of Mr. Gamboa found by the jury.

3

which either occurred after the trial or could not reasonably have been discovered until after the verdict.

*Fahey v. Eldridge*, 46 S.W.3d 138, 141-42 (Tenn. 2001) (internal citations and block quotes omitted).

Mr. and Mrs. Al-Athari did not move for a new trial after the court entered judgment on the verdict; consequently, they have waived any issues relating to the evidence admitted at trial, juror misconduct, jury instructions, examination of witnesses, and any other matter within the purview of Rule 3(a). Tenn. R. App. P. 3(e). As to the remaining issues, the Al-Athari's brief does not articulate a clear argument that the trial court committed error in any way; further, it does not comply with Rule 27 of the Tennessee Rules of Appellate Procedure in various ways, including Rule 27(a)(7).[5] As a consequence, we deem these issues waived as well. *See Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citing *Baugh v. Novak*, 340 S.W.3d 372, 381 (Tenn. 1999); *Sneed v. Board of Prof'l Responsibility*, 301 S.W.3d 603, 615 (Tenn. 2010) (noting that "an issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7)."). We affirm the ruling of the trial court.

Morgan Southern has asked that the Court declare this appeal frivolous and authorize an award of damages pursuant to Tennessee Code Annotated section 27-1-122. The statute is to be interpreted and applied strictly to avoid discouraging legitimate appeals. *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2004); *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977) (discussing the predecessor of Tenn. Code Ann. § 27-1-122). A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. *Wakefield*, 54 S.W.3d at 304. Upon consideration of the entire record, the issues raised and resolved in the prior appeals, several of which the Al-Atharis attempt to relitigate in this appeal, and the manifest deficiencies in their brief, we conclude that the appeal is frivolous within the meaning of section 27-1-122.

---

[5] Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure requires that the brief of an appellant contain:

(7) An argument . . . setting forth:

(A) the contentions of the appellant with respect to the issues to be presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on . . .

For the foregoing reasons, we affirm the decision of the trial court and remand the case for a determination of damages due Appellee as a result of the frivolous appeal.

 

_____

RICHARD H. DINKINS, JUDGE