IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 17, 2015 Session

## EMILY JOYCE COLLINS v. WILLIAM MICHAEL COLLINS

**Appeal from the Chancery Court for Rutherford County**
**No. 11CV708     J. Mark Rogers, Chancellor**

_____

**No. M2014-02417-COA-R3-CV – Filed August 1, 2016**
_____

Parties in divorce proceeding entered into an agreement on the day of trial, memorialized in writing, disposing of the marital assets and debts, adopting a parenting plan, and agreeing "as a division of marital assets" that Wife would "receive the sum of $2,100.00 per month directly from Husband's military pension." Husband filed motions both before and after the final decree was entered, seeking to modify the agreement by removing the provision that required him to pay $2,100.00 to Wife on the ground that the $2,100.00 payment exceeded fifty percent of his military retirement and included a monthly payment for service-related disability pay. The trial court denied Husband's motions and he appeals. Finding no error, we affirm the holding of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

John D. Drake, Murfreesboro, Tennessee, for the appellant, William Collins.

Robert J. Turner and J. Ryan Johnson, Nashville, Tennessee, for the appellee, Emily Joyce Collins.

### OPINION

### I.     FACTUAL AND PROCEDURAL BACKGROUND

William Collins ("Husband") and Emily Collins ("Wife") were married on May 23, 1993; throughout the marriage, Husband was enlisted in the United States Navy. On May 3,

2011, Wife filed a complaint for divorce; on January 29, 2013, when Husband's base pay was $7,356.60 per month, he and Wife entered into an agreed temporary order whereby he was to pay Wife $2,500.00 every two weeks in *pendente lite* alimony. Husband retired from the Navy in October of 2013 and began receiving retirement pay of $3,678.30 per month. Husband failed to make payments due to Wife on October 15, 2013 and on November 1, 2013, as a result of which Wife filed a petition for civil contempt on November 5, 2013.

The trial of the divorce and the contempt petition was set for December 17, 2013. On that date, Husband and Wife entered into an agreement, memorialized in writing and signed by both parties and their counsel, whereby Husband agreed, *inter alia*, to pay Wife $2,100.00 per month and Wife agreed to dismiss her contempt claims. Husband and Wife were placed under oath, and both confirmed their understanding and approval of the agreement in open court. For reasons not entirely clear from the record, the parties delayed in formulating the final decree and the trial court did not enter the Final Decree of Divorce until July 1, 2014; the decree declared the parties divorced on stipulated grounds, divided the marital estate and debts, adopted the parenting plan for the parties' child, and adopted the pertinent terms of the written agreement presented to the court on December 17, 2013 ("the December 2013 agreement").

Several events which led to this appeal took place after the parties reached the December 2013 agreement but before the court entered the Final Decree. On January 13, 2014, Husband received notice from the Department of Veterans Affairs that he had been determined to have service-related disabilities of 30% for generalized anxiety and 10% for gastric reflux, and that as a consequence, he would receive a disability benefit of $687.54 per month and his retirement pay would be reduced to $3,080.56 per month. On May 15, 2014, Husband filed a motion, styled "Motion to Set Aside Agreement of Divorce and Set Hearing" (herein "the May 15 motion"), wherein he "[gave] notice of his withdrawal from the announced agreement of the 17th day of December, 2013 that has not been finalized into a final order," asserting, *inter alia*, that he had entered the December 2013 agreement under duress, and that the terms of the agreement were "ill advised, financially burdensome, unconscionable and unfair." Husband requested that the court "set aside any announced order of divorce and to reset this matter for further hearing where the issues of the division of Husband's military retirement, survivor benefits, child support and parenting time may be properly litigated." The motion did not cite a rule of civil procedure in support of the requested relief.

On July 1, 2014, the trial court entered the Final Decree of Divorce, which includes the following language:

2

This cause came to be heard . . . on the 17th day of December, 2013, . . . whereas the parties reached an Agreement on the morning of the hearing, said Agreement being announced to the Court and the Court finding such is fair and reasonable.
***
It is further **ORDERED, ADJUDGED and DECREED** that as a division of marital assets, Wife shall receive the sum of $2,100.00 per month directly from Husband's military pension, beginning January 1, 2014 and said payment shall continue for the entirety of Husband's life. . . .

In the event that Husband becomes disabled and/or is no longer eligible to receive his retirement benefit for any reason, then he shall continue to pay unto Wife the sum of $2,100.00 per month for the entirety of his life.

The parties agree and stipulate that this Order may be supplemented, if necessary to comply with any rules and regulations of the U.S. Military in order to divide said retirement in accordance with the above terms.

On July 29 Husband filed another motion (herein "the July 29 motion"), also styled "Motion to Set Aside Agreement of Divorce and Set Hearing, asking the court to "set aside the final order in this cause pursuant to Tennessee Rules of Civil Procedure 60.02(1) for mistake, inadvertence, surprise or excusable neglect"; the grounds asserted in support of the motion were substantially the same as those asserted in the prior motion. After a hearing, the court entered an order denying the motion, holding in part:

3. That both Parties were represented by counsel at every stage of the proceeding.
4. That both parties are well educated.
5. That litigation in this matter extended from May of 2011 to December of 2013.
6. On December 17, 2013, both parties were represented at the trial in this cause and announced an agreed order in open court.
7. That both parties confirmed that they were freely and voluntarily entering into this agreement.
8. That both parties took an oath that they freely and voluntarily entered into this agreement.
9. That the Court then went through the terms of the agreement in open court.
10. That the Court's Divorce Coordinator had contacted the previous attorneys in this cause to submit a Revised Final Decree and Permanent

Parenting Plan within thirty (30) days. Prior counsel failed to do so.

11. As to the Father's claim of duress, the court finds that the pressures of litigation and the threat of contempt are simply the normal pressures anyone would experience during litigation, which is in and of itself stressful, but not duress.

12. That no one protested this agreement at trial.

13. That there was no mistake or caveat of Rule 60 which entitled the Father to relief.

14. That this was not an Irreconcilable Differences Divorce and that there was no Marital Dissolution Agreement triggering contractual relief.

Husband appeals, contending that the case should be remanded for the trial court to consider the motion filed on May 15, 2014, and that the trial court erred in allowing a division of Husband's retirement pay which exceeded 50% and which included payment for a service-related disability.

## II. ANALYSIS

### A. Husband's Motions to Set Aside Agreement and Set Hearing

We first address Husband's contentions regarding the two motions, both of which he styled "Motion to Set Aside Agreement and Set Hearing." Citing Tenn. R. App. P. 4(e),[1] Husband contends that the trial court never disposed of the May 15 motion and that "the trial court retains jurisdiction (and conversely, this court lacks jurisdiction) until the trial court enters an order" disposing of the May 15 motion. Husband argues that, although he failed to cite a rule for the relief requested in the May 15 motion, he intended that it be treated as a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04.

Motions filed pursuant to Rule 59 must "be filed and served within 30 days *after* judgment has been entered." Tenn. R. Civ. P. 59.02 (emphasis added). In this case, the final decree was not entered until July 1; thus, under Rule 59.02, the May 15 motion was not timely and his reliance on Rule 4(e) is misplaced. His contention that this case should be remanded to the trial court is without merit.

Husband argues that the July 29 motion which cited Tenn. R. Civ. P. 60.02 as the basis for relief, was filed within thirty days of entry of the Final Decree and that, therefore, the court had an obligation to treat it as a Rule 59 motion. Wife disagrees and contends that

---

[1] Tenn. R. App. P. 4(e) provides, in relevant part, that "[t]he trial court retains jurisdiction over the case pending the court's ruling on any *timely filed motion*…" (emphasis added).

the July 29 motion should be treated as a Rule 60 motion. We agree that the July 29 motion, having been filed within 30 days of entry of the Final Decree, was to be treated as a Rule 59 motion, notwithstanding the fact that it cited Rule 60 in support of the requested relief. *See Ferguson v. Brown*, 291 S.W.3d 381, 386-88 (Tenn. Ct. App. 2008) (holding that a party may obtain relief pursuant to Rule 59.04 from an order entered as a result of mistake, inadvertence, or excusable neglect by a party's counsel notwithstanding the fact the party erroneously stated in its motion that it was seeking relief pursuant to Rule 60.02(1)).

Appellate courts review decisions dealing with Rule 59.04 and Rule 60.02 motions under an abuse of discretion standard since these requests for relief are "addressed to the trial court's discretion." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). An appellate court is not permitted to substitute its judgment for that of the trial court under an abuse of discretion standard. *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003). Only when a trial court has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining" is the trial court found to have abused its discretion. *State v. Stevens*, 78 S.W.3d 817, 832 (Tenn. 2002) (quoting *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997)).

### B.      Division of Military Retirement Funds and Disability Awards

Husband asserts that the agreement awards Wife an amount exceeding 50 percent of his disposable retired pay and includes pay that was subject to a disability award in violation of the Uniformed Services Former Spouses Protection Act (hereinafter referred to as the "Act"), 10 U.S.C. § 1408. The Act permits state courts to divide a military retiree's "disposable retired pay" in a divorce proceeding, but "the Federal Government will not make community property payments that exceed 50 percent of disposable retired or retainer pay." *See Johnson v. Johnson*, 37 S.W.3d 892, 895 (Tenn. 2001) (quoting 10 U.S.C. § 1408(c)(1)); *Mansell v. Mansell*, 490 U.S. 581, 585 (1989). The Act defines "disposable retired pay" as "the total monthly retired pay to which a member is entitled less any amounts . . . deducted from the retired pay of such member as a result of forfeitures of retired pay ordered by a court-marital or as a result of a waiver of retired pay required by law in order to receive compensation under title 5 [Government Organization and Employees] or title 38 [Veteran's Benefits]." 10 U.S.C § 1408(a)(4)(B).

This case presents issues similar to those in *Gonzalez v. Gonzalez*, No. M2008-01743-COA-R3-CV, 2011 WL 221888 (Tenn. Ct. App. Jan. 24, 2011), and *Selitsch v. Selitsch*, No. 12CV-1621, 2015 WL 6730955 (Tenn. Ct. App. Oct. 14, 2015). In *Gonzalez*, this Court considered whether a final decree violated the Act by awarding the wife 100 percent of the husband's military retirement pay. *Gonzalez*, 2011 WL 221888, at *1. We adopted the reasoning employed in cases in other jurisdictions "that the 50% limit in [the Act] only

5

addresses the amount of the pension that can be paid directly to the former spouse by the government." *Id.* at *3, *5. Finding "no legal authority prohibiting [the husband] from agreeing to provide his ex-wife with 100% of his retirement pay as part of a comprehensive property settlement," we held that the final decree did not violate the act. *Id.* at *5.

The husband and wife in *Selitsch* negotiated an agreement, whereby the husband agreed to pay the wife one-half of his retirement pay. *Selitsch v. Selitsch*, 2015 WL 6730955, at *1. At the time the parties entered into the agreement, the husband was retired from the military with a 100 percent disability rating, and thus, did not have any disposable retired pay that was subject to division as marital property. *Id.* The husband filed a Rule 60.02 motion to set aside the agreement, contending that the parties mistakenly believed his military retirement pay was marital property. *Id.* On appeal, this Court ruled that the Act "did not preclude spouses from contractually agreeing to divide non-disposable retired pay." *Id.* at *7. The husband did not dispute the fact that "the trial court did not make the initial division," but rather it was undisputed that the husband and the wife "agreed to share equally Husband's retirement"; therefore, this Court affirmed the denial of the motion. *Id.* at *7.

In this case, we are not persuaded that Husband's arguments differ in any significant respect from the arguments rejected in *Gonzalez* and *Selitsch*. While Husband asserts that the agreement violates the Act because it awards Wife roughly 57 percent of his retirement pay, the agreement we upheld in *Gonzalez* awarded the wife 100 percent of the husband's retirement pay. As we stated in *Selitsch*, parties are free to contractually determine the division of military retirement pensions and disability benefits, and a court may order a party to pay such monies to give effect to the agreement. Similar to the lower court in *Selitsch*, the trial court in this case did not make the initial division of Husband's military benefits. Rather, Husband and Wife entered into a contractual agreement, whereby Husband voluntarily agreed to pay Wife $2,100.00 per month directly from his military pension. Moreover, the parties in this case specifically noted in their agreement that "[i]n the event that Husband becomes disabled and/or is no longer eligible to receive his retirement benefit for any reason, then he shall continue to pay unto Wife the sum of $2,100.00 per month for the entirety of his life." Based on the language in the agreement, it is clear that the parties contemplated the possibility of Husband's retirement pay changing and intended Husband's obligation to pay Wife $2,100.00 per month to remain, irrespective of such change. Thus, we reject Husband's insistence that he entered into the agreement under a mistake of fact.

Parties seeking relief under Rule 59.04 have the burden of showing that the trial court "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Stevens*, 78 S.W.3d at 832. Here, Husband has not carried this burden. The parties' agreement does not violate the Act and the trial court did not err by denying Husband's Motion to Set Aside Agreement and Set Hearing.

6

## C.     Frivolous Appeal

Wife contends that Husband's argument is "devoid of merit in that it fails to address any legal standards as to why the trial court's interpretation of Rule 60.02 was an abuse of discretion and instead goes directly to the merits" and should be deemed frivolous in order that she be awarded attorneys' fees incurred in defending this case.

This court is authorized to award just damages against the appellant if we determine the appeal is frivolous or that it was taken solely for delay. Tenn. Code Ann. § 27-1-122. A frivolous appeal is one that is devoid of merit or has no reasonable chance of success. *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2004). The statute, however, is to be "interpreted and applied strictly so as not to discourage legitimate appeals." *Id.* (quoting *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). Although we have ruled adversely to Husband concerning the issues he raised, we are unable to conclude that his appeal is devoid of merit. Accordingly, we do not find this appeal frivolous.

## III.     CONCLUSION

For the reasons set forth above, the judgment of the trial court is affirmed.

_____
RICHARD H. DINKINS, JUDGE

7