# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### October 11, 2017 Session Heard at Nashville

### IN RE BENTLEY D.

**Appeal from the Circuit Court for Washington County
No. 34545     J. Eddie Lauderback, Judge**

_____

### No. E2016-02299-SC-RDO-PT

_____

The trial court terminated the father's parental rights. The father timely filed a notice of appeal signed by his attorney but not signed personally by the father. The Court of Appeals filed an order directing the father to show cause why his appeal should not be dismissed for lack of jurisdiction for failure to comply with Tennessee Code Annotated section 36-1-124(d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." The father's response to the show cause order included a challenge to the constitutionality of section 36-1-124(d). The Tennessee Attorney General filed a notice of intent to defend the constitutionality of the statute. This Court, upon its own motion, assumed jurisdiction over the case and directed the parties and the Attorney General to address the following issues: (1) whether failure to comply with Tennessee Code Annotated section 36-1-124(d) is a jurisdictional defect; and (2) whether Tennessee Code Annotated section 36-1-124(d) is unconstitutional based on separation of powers, due process, and/or equal protection grounds. We conclude that that the statute does not require a notice of appeal to be signed personally by the appellant. Because the timely notice of appeal signed by the father's attorney satisfies the signature requirement, we hold that the father's appeal is not subject to dismissal. This holding renders moot the other issues before us. We remand the case to the Court of Appeals for consideration of the merits of the father's appeal.

### Tenn. Code Ann. § 16-3-201(d)(3) Appeal;
### Remanded to the Court of Appeals

JEFFREY S. BIVINS, C.J., delivered the opinion of the court, in which, CORNELIA A. CLARK, AND SHARON G. LEE, HOLLY KIRBY, AND ROGER A. PAGE, JJ., joined.

Lawrence Scott Shults, Johnson City, Tennessee, for the appellant, David D.

Melissa R. and Aurelio G., Johnson City, Tennessee, appellees, Pro Se.[1]

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Jonathan David Shaub, Assistant Solicitor General; and Sarah K. Campbell, Special Assistant to the Solicitor General and the Attorney General, for the State of Tennessee.

East Tennessee Appellate Litigation, PLLC, Knoxville, Tennessee, Amicus Curiae.

Mark N. Foster, Madisonville, Kentucky, for Amicus Curiae, Natosha D.

## OPINION

### Factual and Procedural Background

On June 26, 2015, the appellees, Melissa R. ("Mother") and her husband Aurelio G. ("Stepfather"), filed a petition to terminate the parental rights of the appellant, David D. ("Father"), to Mother and Father's minor child, Bentley D., and for Stepfather to adopt the child.[2] The trial court determined Father to be indigent and appointed counsel for him. In October 2016, the trial court held a two-day hearing on the petition. On November 7, 2016, the trial court filed an order terminating Father's parental rights.

On November 17, 2016, Father timely filed a notice of appeal signed by his attorney, but not signed personally by Father. On July 13, 2017, the Court of Appeals filed an order directing Father to show cause "why this appeal should not be dismissed for lack of jurisdiction." In re Bentley D., No. E2016-02299-COA-R3-PT (Tenn. Ct. App. July 13, 2017) (order to show cause) (citing In re Gabriella W., No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *4 (Tenn. Ct. App. July 11, 2017), perm. app. pending). In In re Gabrielle W., the Court of Appeals held, as a matter of first impression, that a timely notice of appeal signed only by an appellant's attorney fails to comply with Tennessee Code Annotated section 36-1-124(d) and constitutes "a jurisdictional default," requiring dismissal of the appeal. 2017 WL 2954684, at *4.

On July 24, 2017, Father filed a response to the show cause order. The response included a challenge to the constitutionality of section 36-1-124(d). On August 14, 2107,

---

[1] The appellees were represented by attorney Murry C. Groseclose, III, in the trial court and in the Court of Appeals until he withdrew, but the appellees are representing themselves in this appeal.

[2] Because this appeal involves a minor, all participants will be identified in a manner that protects the privacy of the minor. State v. Qualls, 482 S.W.3d 1, 4 n.3 (Tenn. 2016).

the Tennessee Attorney General filed a notice of intent to defend the constitutionality of the statute. See Tenn. Code Ann. § 29-14-107(b); Tenn. R. App. P. 32.

On August 24, 2017, prior to any further action by the Court of Appeals, this Court assumed jurisdiction over the case. See Tenn. Code Ann. § 16-3-201(d)(3) ("The supreme court may, upon its own motion, when there is a compelling public interest, assume jurisdiction over an undecided case in which a notice of appeal is filed with an intermediate state appellate court."). We recognized that the situation of potential dismissal of an appeal based on section 36-1-124(d), as in this case, "has recently arisen in a multitude of parental rights termination cases." In re Bentley D., No. E2016-02299-SC-RDO-PT (Tenn. Aug. 24, 2017) (order assuming jurisdiction) (quoting In re Jayden R., No. M2016-02336-COA-R3-PT, 2017 WL 3469708, at *9 (Tenn. Ct. App. Aug. 11, 2017) (Bennett, J., dissenting)). As we also noted, the Court of Appeals has relied on In re Gabrielle W. to dismiss appeals in nine other cases.[3] We directed the parties and the Tennessee Attorney General to address the following issues: (1) whether failure to comply with Tennessee Code Annotated section 36-1-124(d) is a jurisdictional defect; and (2) whether Tennessee Code Annotated section 36-1-124(d) is unconstitutional based on separation of powers, due process, and/or equal protection grounds.

## Analysis

Issues of statutory and constitutional interpretation are questions of law, which this Court reviews de novo without any presumption of correctness given to the legal conclusions of the courts below. State v. McCoy, 459 S.W.3d 1, 8 (Tenn. 2014). "In construing statutes, it is our duty to adopt a construction which will sustain a statute and avoid constitutional conflict if any reasonable construction exists that satisfies the requirement of the Constitution." Davis-Kidd Booksellers, Inc. v. McWherter, 866 S.W.2d 520, 529 (Tenn. 1993) (citations omitted).

---

[3] See In re Homer D., No. M2017-00298-COA-R3-PT, 2017 WL 3611043 (Tenn. Ct. App. Aug. 22, 2017), perm. app. pending; In re Dae'jrien T., No. E2017-00051-COA-R3-PT, 2017 WL 3600461 (Tenn. Ct. App. Aug. 21, 2017), perm. app. pending; In re David P., No. E2017-00245-COA-R3-PT, 2017 WL 3535014 (Tenn. Ct. App. Aug. 17, 2017), no perm. app. filed; In re Nevaeh B., No. W2016-01769-COA-R3-PT, 2017 WL 3494335 (Tenn. Ct. App. Aug. 14, 2017), perm. app. pending; In re Audrina E., No. E2017-01178-COA-R3-PT, 2017 WL 3475526 (Tenn. Ct. App. Aug. 14, 2017), no perm. app. filed; In re Jayden R., 2017 WL 3469708, no perm. app. filed; In re Kendall H., No. E2017-01034-COA-R3-PT, 2017 WL 3446818 (Tenn. Ct. App. Aug. 11, 2017), perm. app. pending; In re Mya V., No. M2016-02401-COA-R3-PT, 2017 WL 3209181 (Tenn. Ct. App. July 28, 2017) (dismissing father's appeal, but not mother's appeal), no perm. app. filed; In re Catherine J., No. W2017-00491-COA-R3-PT, 2017 WL 3141825 (Tenn. Ct. App. July 24, 2017), perm. app. pending.

An appeal as of right to the Court of Appeals "shall be taken by timely filing a notice of appeal." Tenn. R. App. P. 3(e). "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." Id. The notice of appeal required by Rule 3 must be filed "within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a);[4] see Tenn. Code Ann. § 27-1-123 ("Notwithstanding any other provision of law or rule of court to the contrary, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interests of justice."). In all civil cases, including termination of parental rights proceedings, the thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional. See Albert v. Frye, 145 S.W.3d 526, 528 (Tenn. 2004); In re Joeda J., 300 S.W.3d 710, 711 (Tenn. Ct. App. 2009).

As for content, the notice of appeal (1) "shall specify the party or parties taking the appeal by naming each one in the caption or body of the notice," (2) "shall designate the judgment from which relief is sought," and (3) "shall name the court to which the appeal is taken." Tenn. R. App. P. 3(f). Rule 3(f) explains that "[a]n appeal shall not be dismissed for informality of form or title of notice of appeal." Id. In a termination of parental rights proceeding, a notice of appeal must meet the requirements of Rule 3(f) and also "indicate that the appeal involves a termination of parental rights case." Tenn. R. App. P. 8A(a)(2). "The purpose of a notice of appeal is simply to declare in a formal way an intention to appeal. As long as this purpose is met, it is irrelevant that the paper is deficient in some other respect." Tenn. R. App. P. 3(f), Advisory Comm'n Comments. Notably, a signature requirement is not among Rule 3(f)'s specifications for the content of a notice of appeal. Likewise, Rule 8A is silent regarding any signature requirement for the notice of appeal.

The general signature requirement for civil proceedings requires a signature by at least one attorney of record or by a pro se party on "[e]very pleading, written motion, and other paper." Tenn. R. Civ. P. 11.01(a); see In re Kaliyah S., 455 S.W.3d 533, 541 (Tenn. 2015) (stating that termination of parental rights proceedings are "civil in nature and statutory in origin") (quoting In re S.M. Jr., No. 01-A-01-9506-JV-00233, 1996 WL 140410, at *5 (Tenn. Ct. App. Mar. 29, 1996)). "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention

---

[4] Effective July 1, 2017, Rule 4(a) was amended to require a notice of appeal to be filed with the appellate court clerk instead of the trial court clerk.

of the attorney or party." Tenn. R. Civ. P. 11.01(a). In construing the similarly worded Federal Rule of Civil Procedure 11(a), the United States Supreme Court held that the signature requirement is not jurisdictional because "the signature requirement and the cure for an initial failure to meet the requirement go hand in hand." Becker v. Montgomery, 532 U.S. 757, 765 (2001); see also id. at 766 (noting that a signature was not required by Federal Rule of Civil Procedure 3(c)(1)).

Tennessee Code Annotated section 36-1-124(d) does not address jurisdiction or the effect of failure to comply with the signature requirement. In In re Gabrielle W., the Court of Appeals held that a timely notice of appeal signed by the appellant's attorney, but not signed personally by the appellant, fails to comply with section 36-1-124(d) and requires dismissal of the appeal. The Court of Appeals declined to engage in statutory interpretation of the statutory scheme beyond accepting the argument that the appellant's "failure to sign the notice of appeal violates the direct language of the statute." 2017 WL 2954684, at *3.

Our primary objective in statutory interpretation is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002) (citations omitted). We first look to the statute's text, giving the words "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." Mills v. Fulmarque, Inc., 360 S.W.3d 362, 368 (Tenn. 2012). If a statute is clear, we apply the plain meaning without complicating the task and enforce the statute as written. Lind v. Beaman Dodge, Inc., 356 S.W.3d 889, 895 (Tenn. 2011). If a statute is ambiguous, we may consider "the broader statutory scheme, legislative history, and other sources" in discerning the legislative intent. Arden v. Kozawa, 466 S.W.3d 758, 764 (Tenn. 2015).

The statutory provision at issue succinctly states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Tenn. Code Ann. § 36-1-124(d). On July 1, 2016, four and one-half months before Father filed his notice of appeal, the signature requirement of section 36-1-124(d) became effective. See 2016 Tenn. Pub. Acts, ch. 919, § 16.

Father argues that the word "appellant," in its natural and ordinary sense, can be construed to mean "the actual litigant or the legal agent-in-fact, acting on behalf of the litigant." Because the word "appellant" in Tennessee Code Annotated section 36-1-124(d) is susceptible of more than one meaning, we conclude that this statutory provision is ambiguous. See Bryant v. HCA Health Servs. of N. Tenn., Inc., 15 S.W.3d 804, 809 (Tenn. 2000) ("A statute is ambiguous if the statute is capable of conveying more than one meaning."). Therefore, in ascertaining the General Assembly's intent, we look to the entire statutory framework.

- 5 -

The signature requirement appears in the same section as provisions requiring the trial courts, "consistent with due process," and the appellate courts, "consistent with its rules," to expedite a contested termination or adoption proceeding "by entering such scheduling orders as are necessary to ensure that the case is not delayed." Tenn. Code Ann. § 36-1-124(a), (b). The signature requirement also immediately follows a provision declaring the General Assembly's intent "that the permanency of the placement of a child who is the subject of a termination of parental rights proceeding or an adoption proceeding not be delayed any longer than is absolutely necessary consistent with the rights of all parties" and that the "rights of the child to permanency" be prioritized over all other civil litigation except child protective services cases. Tenn. Code Ann. § 36-1-124(c). The legislative history for Chapter 919 of the Public Acts of 2016 does not include any reference to the signature requirement now codified at Tennessee Code Annotated section 36-1-124(d).

Interestingly, Tennessee Code Annotated section 36-1-117(o) was enacted in the same legislation. When statutes are enacted together, the doctrine of *in pari materia* requires us to interpret them together. Stevens ex rel. Stevens v. Hickman Comm. Health Care Serv., Inc., 418 S.W.3d 547, 560 (Tenn. 2013). The construction of one such statute, if doubtful, may be aided by considering the words and legislative intent indicated by the language of the other statute. Johnson v. Hopkins, 432 S.W.3d 840, 848 (Tenn. 2013). Section 36-1-117(o) provides as follows: "The response or answer to a petition for termination of parental rights shall be *signed by the respondent personally*, sworn to and verified, and filed with the clerk of the court." Tenn. Code Ann. § 36-1-117(o) (emphasis added). Thus, we note that although section 36-1-117(o) requires that the filing be signed by the litigant "personally," Tennessee Code Annotated section 36-1-124(d) omits this modifier. We must presume that the General Assembly acted purposely in excluding the word "personally" from the signature requirement of section 36-1-124(d). See In re Kaliyah S., 455 S.W.3d at 554 ("'[W]here the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposely in the subject included or excluded.'") (quoting State v. Pope, 427 S.W.3d 363, 368 (Tenn. 2013)). Just as we must not overlook or ignore any words, "we must be circumspect about adding words to a statute that the General Assembly did not place there." Coleman v. State, 341 S.W.3d 221, 241 (Tenn. 2011). Significantly, in these two provisions adopted at the same time, the General Assembly distinguished between a filing that is signed and one that is signed "personally."

Tennessee statutorily provides the right to appointed counsel for indigent parents at every stage of termination of parental rights proceedings, including the appeal. In re Carrington H., 483 S.W.3d 507, 527-28 (Tenn. 2016) (citing Tenn. Code Ann. § 37-1-

126(a)(2)(B)(ii) (2014); Tenn. Sup. Ct. R. 13, § 1(c), (d)(2)(B); Tenn. R. Juv. P. 39(e)(2)) (footnotes omitted). In <u>In re Carrington H.</u>, we held that "in an appeal from an order terminating parental rights the Court of Appeals must review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests, regardless of whether the parent challenges these findings on appeal." 483 S.W.3d at 525-26. We discussed other procedural safeguards, including that "[i]ndigent parents are entitled to a record at state expense complete enough to allow fair appellate consideration of parents' claims." 483 S.W.3d at 535 (citing <u>M.L.B. v. S.L.J.</u>, 519 U.S. 102, 128 (1996)). "Given these existing procedural safeguards, we decline[d] to hold that securing the constitutional right of parents to fundamentally fair procedures requires adoption of an additional procedure, subsequent to or separate from an appeal as of right, by which parents may attack the judgment terminating parental rights based upon ineffective assistance of appointed counsel." <u>In re Carrington H.</u>, 483 S.W.3d at 535. We thus recognized in <u>In re Carrington H.</u> that providing indigent parents with legal representation and mandating full review by the Court of Appeals play crucial roles in protecting the constitutional right of parents to fundamentally fair procedures.

Tennessee statutorily empowers an attorney to execute in a client's name papers at any stage of a suit. Tenn. Code Ann. § 23-2-104. An attorney also "may take such action on behalf of the client as is impliedly authorized to carry out the representation." Tenn. Sup. Ct. R. 8, RPC 1.2(a). We assume that the General Assembly, when enacting a new statute, knows the state of the law and the existence of other statutes relating to the same subject matter. <u>Shorts v. Bartholomew</u>, 278 S.W.3d 268, 277 (Tenn. 2009). If, as the State argues, the intent of section 36-1-124(d) is to ensure that an appeal will occur only when the appellant in fact *wants* to appeal, then the attorney's signature on the notice of appeal, indicating specific and not just implied authorization for filing the appeal, sufficiently promotes this goal.

It is also important to recognize that, in construing section 36-1-124(d), the Court of Appeals looked to similar signature requirements adopted by statute or rule in other states. <u>See</u> <u>In re Gabrielle W.</u>, 2017 WL 2954684, at *3-4. The Court of Appeals failed to note, however, that other states distinguish between "appellant" and "counsel" or "attorney," thus clarifying whether the appellant must sign personally the notice of appeal in a termination of parental rights proceeding. <u>See</u> Ark. S. Ct. R. 6-9(b)(1)(B) ("The notice of appeal and designation of record shall be signed by the appellant, if an adult, and appellant's counsel."); Iowa R. App. P. 6.102(1) ("The notice of appeal cannot be filed unless signed by both the appellant's counsel and the appellant."); N.C. R. App. P. 3.1(a) ("If the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal, and the appellant shall cooperate with counsel throughout the appeal."); S.D. Codified Laws § 15-26A-4(1) ("A notice of appeal filed under chapter 26-8A [which includes a termination of parental rights action] shall be signed by the

- 7 -

appellant and his or her attorney.") and id. § 15-26A-4(6) ("The failure of the appellant and his or her attorney to sign a notice of appeal under chapter 26-8A deprives the Supreme Court of jurisdiction to decide the appeal.")[5]; Utah Code Ann. § 78A-6-1109(2) ("In addition, the notice of appeal must be signed by appellant's counsel, if any, and by appellant, unless the appellant is a child or state agency. If an appellant fails to timely sign a notice of appeal, the appeal shall be dismissed.").

In contrast, Tennessee Code Annotated section 36-1-124(d) does not distinguish between the appellant and his or her attorney. If the General Assembly had intended to make such a distinction, then it could have done so by requiring both the appellant and the appellant's attorney to sign the notice of appeal.[6]

Because section 36-1-124(d) does not require the appellant to sign "personally" the notice of appeal and does not distinguish the appellant from his or her attorney, we conclude that the word "appellant" includes an attorney specifically authorized to file a notice of appeal on the appellant's behalf. We emphasize that no appeal should be taken in a termination of parental rights proceeding without specific authorization from the client.[7] Construing the signature requirement of section 36-1-124(d) to require specific authorization for a notice of appeal signed by an appellant's attorney strikes the

---

[5] The South Dakota signature requirement is located in a section titled "Rules of Civil Appellate Procedure."

[6] In all but one of the other states that require both signatures, a safety valve exists for noncompliance. See Martin v. Ark. Dep't of Health & Human Serv., 255 S.W.3d 830, 831 (Ark. 2007) (granting motion for belated appeal); In re C.J.P., No. 15-1814, 2016 WL 5930836, at *2 (Iowa Ct. App. Oct. 12, 2016) (granting request for a delayed appeal); In re I.T.P-L., 670 S.E.2d 282, 285 (N.C. Ct. App. 2008) (exercising discretion pursuant to North Carolina Rule of Appellate Procedure 21(a)(1) and allowing petitions for writ of certiorari to permit consideration of appeals on the merits); Utah R. App. P. 53(b) (2017) (allowing an amended notice of appeal adding appellant's signature to be filed within 15 days of the filing of the notice of appeal if certain circumstances are met). In Tennessee, however, there is no "safety valve or means of waiver for the requirement of the appellant's signature." In re Gabrielle W., 2017 WL 2954684, at *4.

[7] Even in states that lack a signature requirement, courts have confirmed the importance of a party's consent to an appeal in a termination of parental rights case. See Termination of Parent-Child Relationship of I.B. v. Ind. Dep't of Child Servs., 933 N.E.2d 1264, 1270 (Ind. 2010) ("If a lawyer is unable to locate the client despite due diligence or if the lawyer cannot get clear instructions from the client with respect to an appeal, the lawyer should not file a notice of appeal."); In re Adoption/Guardianship of Darjal C., 992 A.2d 503, 515 (Md. Ct. Spec. App. 2010) (holding that attorney lacked standing to file notice of appeal on behalf of client who could not be located because the client "must make the ultimate decision regarding the appeal" (internal quotation marks omitted)); In re Welfare of Parzino, 587 P.2d 201, 202 (Wash. Ct. App. 1978) (dismissing appeal lacking consent of the client).

- 8 -

appropriate balance between protecting the fundamental rights of parents and acting in the best interests of children. See In re Carrington H., 483 S.W.3d at 533 ("Due process unquestionably requires States to provide parents with fundamentally fair procedures, but it does not require States to ignore the other interests at stake in parental termination proceedings.").

Approximately four months after the timely filing of the notice of appeal in this case, Father filed a *pro se* document stating that he no longer wanted to pursue the appeal. One month later, however, he filed a "Notice of Intent to Pursue Appeal," which included his notarized signature. In the "Notice of Intent to Pursue Appeal," Father clarified that his prior request to dismiss the appeal had been made without the advice of counsel and upon belief that Mother would allow him visitation with the child if the appeal was dismissed. Nothing in the record, including these documents filed by Father subsequent to the filing of the notice of appeal, overcomes the presumption that Father's attorney had specific authority to initiate the appeal on Father's behalf.[8] Therefore, we conclude that the notice of appeal signed by Father's attorney satisfies the signature requirement. Because the timely notice of appeal satisfies the signature requirement, Father's appeal is not subject to dismissal.

In construing the signature requirement of Tennessee Code Annotated section 36-1-124(d) to be satisfied when an attorney, with specific authorization from his or her client, signs the notice of appeal, we adopt a construction which sustains the statute and avoids constitutional conflict. See Davis-Kidd Booksellers, 866 S.W.2d at 529. Given our conclusion that the appeal in this case is not subject to dismissal, the other issues before us are moot.[9]

## Conclusion

We conclude that the signature requirement of Tennessee Code Annotated section 36-1-124(d) does not require a notice of appeal to be signed personally by the appellant. Because the timely notice of appeal signed by Father's attorney satisfies the signature requirement, we hold that Father's appeal is not subject to dismissal. This holding

---

[8] In fact, the record shows that Father signed a Uniform Civil Affidavit of Indigency on the same day as the filing of the notice of appeal. Father's renewed sworn statement of indigency was filed in support of a motion seeking a declaration of indigency for purposes of the appeal. This filing is consistent with Father's specific consent for the appeal.

[9] Given that we have resolved this appeal based upon the relevant statutory language, we need not address the very problematic constitutional issues implicated if the statute did require the signature of the party himself in addition to his attorney on the notice of appeal.

renders moot the other issues before us. We remand the case to the Court of Appeals for consideration of the merits of Father's appeal. Costs of this appeal are taxed to the State, for which execution may issue if necessary.

_____
JEFFREY S. BIVINS, CHIEF JUSTICE