IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 18, 2023 Session

## MARK A. ROBERTS v. RAMIE R. MARSTON ROBERTS

**Appeal from the Circuit Court for Knox County**
**No. 156184   Gregory S. McMillan, Judge**

———————————————————

**No. E2023-00856-COA-R3-CV**

———————————————————

This is an appeal from a final order entered on March 17, 2023.  The notice of appeal was not filed with the Appellate Court Clerk until June 5, 2023, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal.  Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J.; D. MICHAEL SWINEY, C.J.; and THOMAS R. FRIERSON, II, J.

Ramie R. Marston, Danbury, Connecticut, Pro Se Appellant.

Mark A. Roberts, Knoxville, Tennessee, Pro Se Appellee.

**MEMORANDUM OPINION**[1]

The Knox County Circuit Court ("Trial Court") entered its final judgment granting an order of protection on March 17, 2023.  The appellant, Ramie R. Marston ("Appellant"), filed her notice of appeal with this Court on June 5, 2023.  Upon receipt of the appellate record and pursuant to Tennessee Rule of Appellate Procedure 13(b), this Court reviewed the record on appeal to determine if the Court has subject matter jurisdiction over the

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

appeal. The appellate record reveals that Appellant's notice of appeal appears to be untimely filed, thus depriving this Court of jurisdiction to consider the appeal.

We note that Appellant initially sent a notice of appeal that arrived at this Court on April 28, 2023, that stated she was seeking to appeal to the United States District Court of Eastern Tennessee.[2] That initial notice of appeal was returned to Appellant with instructions to include the name of the correct court if she intended to file an appeal with this Court. Even if this Court accepted that initial document as Appellant's notice of appeal, it still would be untimely.

In order to be timely, a notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

We note that Appellant is incarcerated. In cases involving a *pro se* inmate, Tennessee Rule of Appellate Procedure 20(g) instructs that a document will be considered timely filed so long as the *pro se* litigant delivered the papers to the appropriate individual at the correctional facility within the time fixed for filing. In such cases where timeliness of the filing is at issue, the burden of proof is on the *pro se* litigant to prove the documents were timely filed pursuant to Tennessee Rule of Appellate Procedure 20(g).

This Court entered an order on November 15, 2023, directing Appellant to show cause why this appeal should not be dismissed as being untimely filed. Appellant responded to this Court's order, as well as appellee's first motion to dismiss, objecting to dismissal of the appeal.[3] With regard to the untimely filing of the notice of appeal, Appellant states that she did not have access to the law library and computer system for a period of time and that she had requested documents from the prison "to prove the delay in mail being received." According to Appellant,

---

[2] It appears that this notice of appeal may have been sent to the trial court clerk instead of this Court as required by Tennessee Rule of Appellate Procedure 4 because the copy of this document received by this Court has a file-stamp from the trial court clerk that is marked out. Although the 2017 amendment to Rule 4 included a transitional provision for parties who mistakenly file their notice of appeal with the trial court clerk, that provision expired in June 2018.

[3] The appellant's first motion to dismiss was denied by this Court by order entered on November 15, 2023.

Appellant mailed her appeal as soon as reasonably possible, even trying to mail it, albeit to the wrong court, Appellant was diligent, even in her circumstance to find the proper address to the Appealant[sic] Court.

Appellant, therefore, requests that this Court allow this appeal to proceed.

However, the burden of demonstrating timeliness pursuant to Tennessee Rule of Appellate Procedure 20(g) lies with Appellant. In her response, Appellant does not allege or provide any evidence demonstrating that Appellant had timely provided the notice of appeal to an appropriate individual at the prison where she was located at the time. As such, Appellant has not met her burden for proving that her appeal was timely pursuant to Rule 20(g). This Court cannot waive the requirement that a notice of appeal be timely filed. *See In re Bentley D.*, 537 S.W.3d 907, 910-11 (Tenn. 2017) ("In all civil cases . . . the thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional.").

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to Appellant, Ramie R. Marston, for which execution may issue if necessary.

**PER CURIAM**