IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2024

## KENNETH MERRITT v CHRISTIAN FAHEY ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-0007-22     Mary L. Wagner, Judge**
_____

### No. W2023-00680-COA-R3-CV
_____

Bringing a suit pro se, a Patient sued his healthcare providers under the Tennessee Health Care Liability Act. The trial court dismissed the Patient's claims, deeming them time-barred. Instead of promptly appealing that order, the Patient serially submitted various motions over the course of approximately a year. The trial court denied the Patient's motions. The Patient appeals. Concluding that this court lacks subject matter jurisdiction, we dismiss the Patient's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Kenneth Merritt, Memphis, Tennessee, Pro se.

Joseph M. Clark and Patrick S. Quinn, Memphis, Tennessee, for the appellees, Christian Fahey and OrthoSouth.

**OPINION**

I.

In August 2020, Appellant Kenneth Merritt reported to his employer that he felt pain in both of his hands. After filing a claim for workers' compensation benefits, Mr. Merritt sought advice and treatment from several medical professionals, including Dr. Christian Fahey, whom he saw as a patient on August 11, 2020. Mr. Merritt was extremely displeased with the appointment. The following day Mr. Merritt sent OrthoSouth, Dr. Fahey's employer, an extensive email detailing his frustration with the treatment he

received and threatening to sue the company and Dr. Fahey for medical malpractice. Among the numerous statements set forth in this lengthy email, Mr. Merritt indicated that he "plans to sue Christian Fahey & Ortho South for Medical Malpractice, for failing to properly treat the injury to [his] hand, which has left [him] in constant pain and discomfort." In response, Dr. Fahey again met with Mr. Merritt on August 27, 2020. Mr. Merritt was again dissatisfied with his treatment. According to Mr. Merritt, Dr. Fahey told him that he had a mild abnormality in both hands with carpal tunnel syndrome, but Dr. Fahey did not know the cause of the sensitivity on the top of his hands and was "done with" him. In response, Mr. Merritt said to Dr. Fahey, "you are not going to help me." Dr. Fahey responded by inviting Mr. Merritt to sue him.

Over a year later, on January 3, 2022, Mr. Merritt did precisely that by suing Dr. Fahey and OrthoSouth (the Healthcare Providers) in Shelby County Circuit Court. He invoked the Tennessee Health Care Liability Act (HCLA) and claimed that the Healthcare Providers were negligent. Mr. Merritt brought his case pro se.

The Healthcare Providers filed a motion to dismiss on February 17, 2022, arguing Mr. Merritt's claims were time-barred. Specifically, the Healthcare Providers asserted that the statute of limitations expired long before Mr. Merritt filed his complaint. They also argued in the alternative that his claims would be time-barred even if Mr. Merritt obtained the 120-day extension of the statute of limitations available under the HCLA. Mr. Merritt responded by arguing that he had sufficiently complied with pleading requirements under the Federal Rules of Civil Procedure so as to survive dismissal by pleading plausible claims of medical malpractice and negligent misrepresentation. He did not, however, address the Tennessee Rules of Civil Procedure or the Healthcare Providers' statute of limitations argument.

The trial court held a hearing on the Healthcare Providers' motion to dismiss on May 20, 2022. During the hearing, Mr. Merritt argued for the first time that the statute of limitations should begin to run on the date that he reached "maximum medical improvement," which happened in September 2021, rather than the date he emailed OrthoSouth threatening litigation. Mr. Merritt did not provide the trial court with authority to support his argument. At the conclusion of the hearing, the trial court announced that it would dismiss Mr. Merritt's HCLA action with prejudice. Specifically, the trial court reasoned that the triggering event for the statute of limitations took place on or about August 12, 2022, when Mr. Merritt threatened OrthoSouth with a lawsuit. The trial court also accepted the Healthcare Providers' alternative argument, explaining that, even if the court assumed that the triggering date was August 27, 2020, and assumed that Mr. Merritt complied with the HCLA in such a way as to obtain the 120-day extension of the statute of limitations, the latest date that the statute of limitations would have run was December 27, 2022. Accordingly, even under the most favorable view of the case, the trial court concluded, Mr. Merritt's suit against the Healthcare Providers was time-barred.

- 2 -

Mr. Merritt did not wait on the trial court's written order to act. Instead, responding to the trial court's oral ruling, Mr. Merritt filed a "Motion to Stay" on May 31, 2022. While Mr. Merritt invoked Tennessee Rule of Civil Procedure 62.01, he used his motion primarily as a vehicle to challenge the trial court's decision on the merits. First, Mr. Merritt asserted the trial court erred in dismissing his "2nd claim for Negligence" based on the statute of limitations defense. Next, he argued, under the doctrine of equitable tolling, that the statute of limitations clock "should have been stopped while he was off from work for 5 months." Finally, referencing the Federal Rules of Civil Procedure, Mr. Merritt argued that the trial court improperly computed the final deadline for him to file his complaint.

The trial court entered a written order on June 29, 2022, that tracks the reasoning set forth in the court's earlier May 20, 2022 oral ruling. The trial court subsequently denied Mr. Merritt's motion for a stay on August 19, 2022. In denying the motion, the trial court noted that "Rule 62.01 allows only for an initial stay on the execution of judgments and does not provide a basis for the relief sought in [Mr. Merritt's] motion." The trial court evaluated the substance of Mr. Merritt's filing, deeming his filing "more akin to a motion to reconsider the merits of the Court's ruling." The trial court determined that Mr. Merritt "failed to raise any factual or legal allegation to support alteration or amendment of this Court's Order of Dismissal . . . improperly attempts to re-litigate arguments raised . . . in response to [the Healthcare Providers'] Motion to Dismiss, and advances new arguments which do not provide a basis for the relief sought therein."

Instead of appealing the order of dismissal or the order denying his request for a stay, Mr. Merritt continued to file various motions before the trial court. On September 6, 2022, Mr. Merritt filed a motion to alter or amend under Tennessee Rule of Civil Procedure 59.04. In this motion, Mr. Merritt raised substantially similar arguments to those that he asserted in his motion seeking a stay regarding computation of time and equitable tolling. However, he also asserted for the first time that the trial court violated his due process rights under the Fourteenth Amendment and asserted the trial court violated canons of judicial ethics by "refus[ing] to honor the rules of civil procedure." The trial court observed that Mr. Merritt, however, "failed to take any steps to set this motion for hearing or otherwise prosecute the motion" for nearly five months and dismissed his motion for failure to prosecute. In addition, the trial court also noted that Mr. Merritt's substantive arguments did not provide a reason to alter or amend the court's underlying judgment. The trial court denied Mr. Merritt's Rule 59.04 motion on February 16, 2023.

Once again Mr. Merritt did not appeal but instead responded to the denial of his Rule 59.04 motion with two additional motions before the trial court, styling one a *Motion for Reconsideration*, which he filed on March 15, 2023, and the other a *Motion Seeking Disqualification or Recusal*, which he filed on March 17, 2023. The former paralleled prior filings by rearticulating Mr. Merritt's position that "the dismissal [of his case] was conducted in violation of his constitutional right to due process under the Fourteenth Amendment and the Federal Rules of Civil Procedure, specifically Rule 41(b). The

plaintiff requested relief under all applicable provisions of Rule 60 and any other applicable rules or laws," though, in substance, the motion rearticulated his computation and equitable tolling arguments. Meanwhile, the latter motion further explored Mr. Merritt's theory that the trial judge violated the rules of judicial ethics. Although Mr. Merritt claims that his motion was based upon the trial court judge's alleged "bias against pro se litigants," his focus was on re-raising his constitutional and rule-based arguments.

The trial court denied these motions via two separate orders entered on April 14, 2023. In the order addressing Mr. Merritt's motion for reconsideration, the trial court explained that "there is no such thing as a motion to reconsider." Additionally, the trial court stated that none of Mr. Merritt's arguments provided good cause to grant a motion to alter or amend. Concerning Mr. Merritt's request for recusal, the trial court concluded that recusal was not warranted. After explaining that "[a]n adverse ruling does not equate to bias," the court indicated that Mr. Merritt had once again used a motion as a vehicle to relitigate the merits of his case.

Mr. Merritt filed his notice of appeal on May 9, 2023. Mr. Merritt identifies six different issues that he seeks to raise on appeal: (1) "The Court's Failure to Acknowledge the Rule of Computation," (2) "The Incorrect Computation of the Discovery Rule," (3) "Violation of Procedural Due Process: The Bedrock of Fair Justice," (4) "Recusal and Impartiality of the Court," (5) "Repetition of Dismissals with Identical Wording," and (6) "Reversal on Appeal and Recusal Importance."

Responding to Mr. Merritt's filing on appeal, the Healthcare Providers contend this court lacks subject matter jurisdiction because Mr. Merritt's appeal is untimely as a matter of law. The Healthcare Providers argue that Mr. Merritt's thirty-day clock to file a notice of appeal began to run on August 19, 2022, the day that the trial court denied Mr. Merritt's motion to stay, and that his decision to wait until May 2023 to appeal divests this court of subject matter jurisdiction. The Healthcare Providers assert that "successive post-judgment motions filed in a serial manner do not extend a party's time to appeal and are not permitted under Tennessee law." Additionally, the Healthcare Providers seek attorney's fees on appeal, claiming that such fees are appropriate given the late filing of Mr. Merritt's notice of appeal and the technical deficiencies of his brief, which is not in compliance with Rule 27 of the Tennessee Rules of Appellate Procedure.

II.

We note that Mr. Merritt is proceeding pro se in this appeal. Pro se litigants "are entitled to fair and equal treatment by the courts." *Vandergriff v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 551 (Tenn. Ct. App. 2015). Courts should be mindful that pro se litigants often lack any legal training and many are unfamiliar with the justice system. *State v. Sprunger*, 458 S.W.3d 482, 491 (Tenn. 2015). Accordingly, courts should afford some degree of leeway in considering the briefing from a pro se litigant, *Young v. Barrow*, 130

S.W.3d 59, 63 (Tenn. Ct. App. 2003), and should consider the substance of the pro se litigant's filing. *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 165 (Tenn. Ct. App. 2021). Pro se litigants, however, may not "shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Additionally, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). In considering appeals from pro se litigants, the court cannot write the litigants' briefs for them, create arguments, or "dig through the record in an attempt to discover arguments or issues that [they] may have made had they been represented by counsel." *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014). It is imperative that courts remain "mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

III.

The Healthcare Providers urge this court to conclude that Mr. Merritt missed the thirty-day deadline to file his notice of appeal and that such a defect prevents this court from having subject matter jurisdiction over his appeal.

"Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it." *Johnson v. Hopkins*, 432 S.W.3d 840, 843 (Tenn. 2013). Under Tennessee Rule of Appellate Procedure 4,

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from.

Tenn. R. App. P. 4(a). As the Tennessee Supreme Court has explained,

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. If timely, certain post-trial motions, such as [a] motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal.

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (citations omitted) (footnotes omitted); *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for

- 5 -

filing a notice of appeal is mandatory and jurisdictional in civil cases. However, certain post-trial motions, such as a motion to alter or amend pursuant to Tennessee Rule of Civil Procedure 59.04, if timely filed, toll commencement of the thirty-day period until an order granting or denying the motion is entered." (citations omitted)); *see also In re Bentley D.*, 537 S.W.3d 907, 910-11 (Tenn. 2017) ("In all civil cases . . . the thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional.").

While certain motions, even unsuccessful ones, may extend the time for filing a notice of appeal, as the Advisory Commission Comment to Rule 59.01 makes clear, the "[f]iling and serving motions in serial fashion will not extend the time for filing a notice of appeal with the trial court clerk. . . . In particular, motions to reconsider rulings on any of the listed motions will not extend the time for filing a notice of appeal." Assuming arguendo that Mr. Merritt's thirty-day appeal clock did not begin to run until the denial of his Rule 59 motion on February 16, 2023, his appeal would, nevertheless, be untimely filed. None of his subsequent filings, following the denial of his Rule 59 motion, could serve to extend the time for filing an appeal. *See*, *e.g.*, *Lexington Charter L.P. v. FBT of Tenn. Inc.*, No. W2021-01138-SC-R11-CV, 2023 WL 3578587, at *1 (Tenn. May 15, 2023) (indicating that motions to reconsider do not extend the time for filing a notice of appeal); *McSurley v. McSurley*, No. M2019-02016-COA-R3-CV, 2020 WL 256190, at *1 (Tenn. Ct. App. Jan. 16, 2020) ("A motion to recuse is not one of the motions listed in Tenn. R. App. P. 4(b) and does not extend the time for filing a notice of appeal."); *see also Metro. Gov't of Nashville & Davidson Cnty. v. RSF Investors*, LLC, No. M2016-02221-COA-R3-CV, 2017 WL 2996753, at *5 (Tenn. Ct. App. July 14, 2017) (stating that "a party may not file successive or serial post-trial motions on substantially the same grounds in an attempt to further extend the time for filing a notice of appeal"). Thus, even under a favorable understanding of the motions filed and the relevant timeline, the Tennessee Rules of Appellate Procedure afforded Mr. Merritt at most thirty days after the entry of the trial court's order of February 16, 2023, to file his notice of appeal. It is undisputed that Mr. Merritt did not file his notice until May 2023. Accordingly, this court lacks subject matter jurisdiction over Mr. Merritt's appeal.

IV.

The Healthcare Providers' request in the argument section of their brief attorney's fees under Tennessee Code Annotated section 27-1-122 which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The frivolous appeal statute "must be interpreted and applied strictly so as not to discourage

legitimate appeals." *Davis v. Gulf Ins. Grp.*, 546 S.W.2d 583, 586 (Tenn. 1977); *see also, e.g.*, *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001); *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 547 (Tenn. Ct. App. 2005). "[I]mposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable—which is rare." *Conder v. Salyers*, 421 S.W.3d 589, 597 (Tenn. Ct. App. 2013) (quoting *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010)). Nevertheless, "[s]uccessful litigants should not have to bear the expense and vexation of groundless appeals." *Davis*, 546 S.W.2d at 586; *see also, e.g.*, *Glanton v. Lord*, 183 S.W.3d 391, 401 (Tenn. Ct. App. 2005); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999). Ultimately, "[t]he award of damages for the filing of a frivolous appeal lies within the sound discretion of this Court." *GSB Contractors, Inc.*, 179 S.W.3d at 547; *see also*, *e.g.*, *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009).

The Healthcare Providers request for attorney's fees failed to comply with the requirements of Tennessee Rule of Appellate Procedure 27, notably by failing to set forth the attorney's fees issue in their statement of the issues and by failing to include a request for attorney's fees in a short precise statement of the relief requested in their conclusion. The decision of whether to award attorney's fees is a discretionary determination for this court, and we decline to award such fees in this case.

V.

For the aforementioned reasons, we dismiss Mr. Merritt's appeal, and we also decline to award attorney's fees under Tennessee Code Annotated section 27-1-122. Costs of this appeal are taxed to the Appellant, Kenneth Merritt, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE