# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 28, 2025 Session

## IN RE CONSERVATORSHIP OF TRACY ROBINSON

**Appeal from the Chancery Court for Hamilton County**
**No. 24-G-010          Pamela A Fleenor, Chancellor**

_____

### No. E2024-01702-COA-R3-CV

_____

This is an appeal from a final order entered on September 20, 2024. The envelope within which the notice of appeal was mailed reflects that it was mailed from the prison mailroom of the facility where the appellant was incarcerated on November 9, 2024, more than thirty days from the date of entry of the order from which the appellant is seeking to appeal. Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

King Allah James, Chattanooga, Tennessee, Pro Se Appellant.

Gary L. Henry, Chattanooga, Tennessee, for the appellee, Parkridge Medical Center, Inc.

Jeremy Kelley, Chattanooga, Tennessee, Pro Se Appellee.

Terrence Stallion, Chattanooga, Tennessee, Pro Se Appellee.

Queen Robinson, Chattanooga, Tennessee, Pro Se Appellee.

Allana Tipton-Stancill, Chattanooga, Tennessee, Pro Se Appellee.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Hamilton County Chancery Court ("Trial Court") entered a final judgment in the underlying conservatorship action on September 20, 2024. The appellant, King Allah James ("Appellant"), filed a *pro se* notice of appeal in this case, in which he states that he is seeking to appeal the September 20, 2024 order from the Trial Court. The notice of appeal was mailed to this Court for filing from the prison mailroom where Appellant is incarcerated on November 9, 2024. Appellant also filed a "Motion for Extension of Time to File Appeal," in which he states that he was incarcerated; was transferred to a mental health institution; and did not receive his mail until approximately October 24, 2024 when he returned to the jail.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

We note that Appellant is incarcerated. In cases involving a *pro se* inmate, Tenn. R. App. P. 20(g) instructs that a document will be considered timely filed so long as the *pro se* litigant delivered the papers to the appropriate individual at the correctional facility within the time fixed for filing. In such cases where timeliness of the filing is at issue, the burden of proof is on the *pro se* litigant to prove the documents were timely filed pursuant to Tenn. R. App. P. 20(g).

This Court entered an order on December 9, 2024, directing Appellant to show cause why this appeal should not be dismissed as being untimely filed. Appellant did not respond to this Court's December 9, 2024 Order. The burden of demonstrating timeliness pursuant to Tenn. R. App. P. 20(g) lies with Appellant. Appellant did not file a response providing any evidence demonstrating that Appellant had timely provided the notice of appeal to an appropriate individual at the prison where he was located at the time. The only evidence before this Court is that the notice of appeal was mailed from the prison mailroom on November 9, 2024, more than thirty days after the notice of appeal was filed. As such, Appellant has not met his burden for proving that his appeal was timely pursuant to Rule 20(g). This Court cannot waive the requirement that a notice of appeal be timely filed. *See In re Bentley D.*, 537 S.W.3d 907, 910-11 (Tenn. 2017) ("In all civil cases . . . the thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional.").

Because the notice of appeal in this case was filed more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, King Allah James, for which execution may issue if necessary. [2]

**PER CURIAM**

---

[2] We note that Appellant filed a Uniform Civil Affidavit of Indigency, which this Court construes as a motion to proceed as indigent in this appeal. However, Appellant's alleged indigency does not relieve him from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, Appellant's motion is DENIED as moot.