FILED
09/26/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2025

### IN RE REMINGTON B.

**Appeal from the Chancery Court for Lawrence County**
No. 24-21026          Christopher V. Sockwell, Chancellor

_____

**No. M2024-01423-COA-R3-PT**

_____

The guardian ad litem filed a petition to terminate a mother's parental rights to her child. After the mother failed to respond, the guardian ad litem moved for entry of a default judgment against her. The mother appeared pro se at the default judgment hearing and requested a continuance to allow for court appointed counsel. The court found the mother was entitled to appointed counsel but denied the continuance. After hearing the petitioner's proof, the court found clear and convincing evidence of multiple grounds for termination and that termination of the mother's parental rights was in the child's best interest. Under the circumstances, we conclude that the court erred in denying the mother a continuance to consult with counsel. So we vacate the termination of the mother's parental rights and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;
Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, J., joined.

Claire A. Addlestone, Kingsport, Tennessee, for the appellant, Kristina B.

Jonathan Skrmetti, Attorney General and Reporter, and Clifton Wade Barnett, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

Stacie Leigh Odeneal, Lawrenceburg, Tennessee, Guardian ad Litem.

**OPINION**

**I.**

The Tennessee Department of Children's Services ("DCS") petitioned the juvenile court to find Remington B., then two years old, dependent and neglected. The child entered foster care on August 25, 2023, after his mother, Kristina B. ("Mother"), tested positive for illegal substances. A subsequent hair follicle drug screen on the child was positive for amphetamines and methamphetamine. DCS created a permanency plan designed to reunite the family, but Mother made little progress on her plan responsibilities. By December, the court suspended Mother's contact with the child until she completed a series of tasks designed to ensure the child's safety.

On April 30, 2024, the guardian ad litem filed a petition in chancery court, seeking to terminate Mother's parental rights to the child and the rights of an alleged putative father. The petition asserted multiple grounds for termination of Mother's parental rights, including abandonment, substantial noncompliance, persistence of conditions, severe abuse, failure to manifest a willingness and ability to assume custody of the child, and that termination of Mother's parental rights was in the child's best interest. The GAL asked the court to award full guardianship of the child to DCS.

The trial court set an initial status hearing for June 25, 2024. But because the alleged putative father had not been served, the court continued the hearing to July 16.

Meanwhile, the GAL filed a motion for entry of a default judgment against Mother because she failed to respond to the termination petition or otherwise appear. *See* Tenn. Code Ann. § 36-1-117(n) (Supp. 2023) (providing for a default judgment in termination cases). The motion indicated that "the hearing on this Motion and the hearing on the Petition to Terminate Parental Rights" were scheduled for July 16, 2024, the same date and time as the status hearing. The GAL mailed a copy of the motion to Mother's last known address.

On July 16, Mother submitted a uniform affidavit of indigency and appeared in court to ask for a continuance. She wanted appointed counsel to represent her in the termination proceeding. DCS and the GAL objected to a continuance. They argued that Mother failed to act promptly, and the court should consider the impact of a delay on the child's best interest. The court found that Mother was entitled to appointed counsel, but it declined to grant a continuance. *See id.* § 37-1-126(a)(2)(B)(ii), (a)(3) (Supp. 2019) (requiring appointment of counsel "for an unrepresented indigent person upon request" in termination of parental rights cases).[1] The court reasoned that, after the hearing, Mother could consult with appointed counsel about the possibility of setting aside any default judgment. The court then proceeded to hear the GAL's proof. *See id.* § 36-1-117(n) (specifying that a default judgment in a termination proceeding requires proof "as to legal grounds and best

---

[1] On appeal, we apply the law in effect at the time the petition to terminate parental rights was filed. *See In re Braxton M.*, 531 S.W.3d 708, 732 (Tenn. Ct. App. 2017).

interest pursuant to § 36-1-113").

A short time later, the court granted a default judgment against Mother, terminating her parental rights to the child.[2]  It found that Mother was personally served on May 13, 2024, and she had adequate notice of the filing of the motion for a default.  But she did nothing before the July 16 hearing.  It found her justifications for her failure to respond to the petition "generalized and unconvincing."  Based on the GAL's proof, the court concluded that there was clear and convincing evidence of multiple grounds for termination of Mother's parental rights to the child.  It also determined that termination was in the child's best interest.

Within thirty days, Mother, through counsel, filed an answer to the petition and a motion to set aside the default judgment.  Among other things, she contended that her due process rights were violated when the court failed to continue the default judgment hearing upon finding that she was entitled to appointed counsel.  She also claimed that she misunderstood the purpose of the July 16 hearing and failed to appreciate the nature and gravity of the proceedings.

The court declined to set aside the default judgment.  It found Mother's delayed response "was willful."  She was properly served with process and received adequate notice of the default judgment hearing.  Her claimed misunderstanding of the nature of the hearing was not a "feasible basis" for granting relief.

## II.

### A.

A parent has a fundamental right, based in both the federal and state constitutions, to the care and custody of their child.  *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re Angela E.*, 303 S.W.3d 240, 250 (Tenn. 2010); *Nash-Putnam v. McCloud*, 921 S.W.2d 170, 174 (Tenn. 1996); *In re Adoption of Female Child*, 896 S.W.2d 546, 547 (Tenn. 1995).  This is "among the oldest of the judicially recognized fundamental liberty interests protected by the Due Process Clauses of the federal and state constitutions."  *In re Carrington H.*, 483 S.W.3d 507, 521 (Tenn. 2016).

Due to the important interests at stake, "parents are constitutionally entitled to 'fundamentally fair procedures' in termination proceedings."  *Id.* at 522 (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)).  In Tennessee, an important component of those procedures is the statutory right to appointed counsel for indigent parents.  Tenn. Code Ann. § 37-1-126(a)(2)(B), (a)(3); *In re Bentley D.*, 537 S.W.3d 907, 913 (Tenn. 2017).  The

---

[2] The court also found that there was no putative father.

3

court must appoint counsel for an indigent parent upon request.[3]  Tenn. Code Ann. § 37-1-126(a)(2)(B), (a)(3).

The trial court found Mother was entitled to appointed counsel.  Yet it declined her request for a continuance to consult with counsel.  Although Mother has not specifically challenged this denial on appeal, we have discretion under our procedural rules "to consider issues that have not been properly presented in order to achieve fairness and justice."  *In re Kaliyah S.*, 455 S.W.3d 533, 540 (Tenn. 2015); *see* TENN. R. APP. P. 13(b), 36(a).  Given the importance of the interests at stake here, we exercise our discretion to review whether the denial of a continuance under these circumstances violated Mother's right to due process.  *See In re Carrington H.*, 483 S.W.3d at 525 (reasoning that review of some unpresented and unpreserved issues in termination proceedings "ensure[s] that fundamental parental rights are not terminated except upon sufficient proof, proper findings, and fundamentally fair procedures").

B.

A trial court has the discretion to grant a continuance at any time upon a showing of good cause.  Tenn. Code Ann. § 20-7-101 (2021).  We will not disturb the court's decision absent a clear showing of an abuse of discretion and unfair prejudice.  *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997).  In making this decision, the court should consider "(1) the length of time the proceeding has been pending, (2) the reason for the continuance, (3) the diligence of the party seeking the continuance, and (4) the prejudice to the requesting party if the continuance is not granted."  *Nagarajan v. Terry*, 151 S.W.3d 166, 172 (Tenn. Ct. App. 2003) (footnotes omitted).  The party seeking a continuance bears the burden of establishing the circumstances that justify the continuance.  *Osagie v. Peakload Temp. Servs.*, 91 S.W.3d 326, 329 (Tenn. Ct. App. 2002).

The trial court faulted Mother for her lack of diligence in light of the child's interest in a timely resolution of the termination proceedings.  *See* Tenn. Code Ann. §§ 36-1-113(k) (Supp. 2023), 36-1-124(a) (2021) (mandating that contested termination proceedings be expedited).  Despite valid personal service on May 13 and adequate notice of the default judgment motion, Mother failed to take any action before the July 16 hearing.  The court found her "justifications" for her inaction "were generalized and unconvincing."  The court noted that Mother spoke with her previous counsel when she was served, and she had prior experience with termination proceedings.  It was the court's duty to ensure a timely

---

[3] The statutory right to appointed counsel can be expressly or implicitly waived.  *See In re Joshua M.*, No. E2021-01527-COA-R3-PT, 2022 WL 4666232, at *5–6 (Tenn. Ct. App. Oct. 3, 2022) (reasoning that parent effectively waived her right to counsel when she "failed to avail herself of opportunities offered by the juvenile court"); *In re William B.*, No. M2020-01187-COA-R3-PT, 2021 WL 4935740, at *10 (Tenn. Ct. App. Oct. 22, 2021) (involving an express waiver).  But in this case, the trial court did not find that Mother waived her statutory right to appointed counsel.

hearing. Given this duty, the court concluded that the child's best interest outweighed Mother's "unjustified delay in acting related to this matter."

The court expressed some valid concerns. Mother could have been more diligent. Still, she made her request at what appears from this record to be the first hearing in the termination proceedings. At this point, the termination proceedings had been pending for less than three months. This was well within the statutorily preferred deadline for a final hearing. *See id.* § 36-1-113(k) (requiring a hearing on the petition to terminate parental rights "within six (6) months of the date that the petition is filed, unless . . . an extension is in the best interest of the child").

Prolonged uncertainty is not in a child's best interest. *In re Carrington H.*, 483 S.W.3d at 533. Thus, Tennessee courts are statutorily required to expedite contested termination proceedings and avoid unnecessary delays. Tenn. Code Ann. § 36-1-124(a). Yet pursuit of this statutory goal must be "consistent with due process." *Id.* Mother requested a continuance to consult with appointed counsel. The court did not find this reason "compelling" given the child's age. But providing indigent parents with legal representation is a crucial procedural safeguard in termination proceedings. *In re Bentley D.*, 537 S.W.3d at 913. Mother had a constitutional right to fundamentally fair procedures, including a statutory right to appointed counsel, before the termination of her parental rights. *See In re Carrington H.*, 483 S.W.3d at 522, 527-28. The court recognized that Mother was entitled to appointed counsel. Given that finding, the failure to grant a continuance to consult with appointed counsel effectively denied Mother her constitutional right to fundamentally fair procedures.

In light of our conclusion, we vacate the termination of Mother's parental rights and remand for a new hearing. On remand, the court should make a new determination concerning Mother's indigency and, if necessary, appoint her counsel before conducting a new default judgment hearing.

We are mindful of our supreme court's direction that we review the trial court's findings as to each ground for termination and as to whether termination is in the child's best interests. *Id.* at 525-26. This serves to prevent "unnecessary remands of cases" and the important goal of speedily resolving parental termination cases. *In re Angela E.*, 303 S.W.3d at 251 n.14. However, parents are also entitled to fundamentally fair procedures in termination proceedings. *In re Carrington H.*, 483 S.W.3d at 522 (citing *Santosky*, 455 U.S. at 754). Because we have determined Mother was denied these fundamentally fair procedures, we find it inappropriate to review findings based on evidence which was offered at a hearing during which Mother did not have the benefit of counsel. "[U]ltimate rights should be decided only when the court is 'in possession of the materials necessary to enable it to do full and complete justice between the parties.'" *Interstate Transit, Inc. v. City of Detroit*, 46 F.2d 42, 43 (6th Cir. 1931) (quoting *Eagle Glass & Mfg. Co. v. Rowe*, 245 U.S. 275, 280 (1917)).

**III.**

Because the court erred in denying Mother a continuance to consult with appointed counsel before the default judgment hearing, we vacate the termination of her parental rights to the child. We remand for a new hearing and for such other proceedings as may be necessary and consistent with this opinion.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE
